ARCTIC ICE MACH. CO. v. ARMSTRONG COUNTY TRUST CO.

(Circuit Court of Appeals, Third Circuit.   December 11, 1911.)

No. 57 (1,550).

**1. SALES (§ 472*)—CONDITIONAL SALES—VALIDITY.**

A contract for the sale of an ice machine, providing that title shall remain in the seller until all the payments, and any notes or acceptances given on account thereof, shall have been fully paid, and in case of default the seller shall have the right, at its option, to take possession of and remove the apparatus, was a conditional sale with title reserved in the seller, and valid in Pennsylvania as against all the world, except creditors of the buyer having a lien by levy or attachment.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 472.*

Validity of conditions in contracts of conditional sale of personalty, see note to In re Pierce, 87 C. C. A. 538.]

**2. BANKRUPTCY (§ 140*)—TITLE OF TRUSTEE—CONDITIONAL SALES—STATUTES—AMENDMENT.**

Act Cong. June 25, 1910, c. 412, 36 Stat. 838, amending Bankr. Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), relating to the duties of trustees in bankruptcy, and providing that such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, did not invalidate a conditional sale contract, antedating the amendment, as to the buyer's trustee in bankruptcy; it being otherwise valid.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

**3. SALES (§ 479*)—CONDITIONAL SALES—RECOVERY—RESORT TO OTHER REMEDIES—ESTOPPEL.**

Where petitioner, having sold an ice machine to bankrupts under a conditional sale contract, filed a mechanic's lien against the bankrupts' estate to protect its lien, but did not prosecute such lien claim to judgment, the filing thereof did not constitute such an election of remedies as would estop it from insisting on its right to reclaim the machine under its conditional sale contract.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 479.*]

**4. FIXTURES (§ 22*)—MACHINERY—ESTABLISHMENT IN BUILDING.**

Where an ice machine, sold under a conditional sale contract, was erected in part on a foundation of masonry within a building expressly constructed for it, but was in no wise attached to the walls or any other part of the building, it was personal property as between the buyer and seller, title to which was in the seller until paid for.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 57; Dec. Dig. § 22.*]

**5. APPEAL AND ERROR (§ 173*)—REVIEW—QUESTIONS NOT RAISED AT TRIAL.**

An objection that petitioner, a foreign corporation, could not maintain a petition to reclaim property sold under a conditional sale contract, in bankruptcy proceedings against the buyer, in Pennsylvania, because pe-

titioner had not complied with the Pennsylvania laws, could not be considered, when raised for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079-1120; Dec. Dig. § 173.*]

Appeal from the District Court of the United States for the Western District of Pennsylvania.

In the matter of bankruptcy proceedings of Keener Bros. Petition by the Arctic Ice Machine Company to reclaim an ice machine sold to the bankrupts under a conditional sale contract. From an order denying the petition, on objection of the Armstrong County Trust Company, trustee of the bankrupts, petitioner appeals. Reversed.

Harry C. Golden and H. L. Golden, for appellant.
Floy C. Jones (E. O. Golden, on the brief), for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. [1] By a written contract, dated March 22, 1909, the Arctic Ice Machine Company sold to Keener Bros. an ice-manufacturing machine, for a consideration of $11,500, payable in partial payments; the last payment becoming due January 1, 1910. The contract provided that "the title and ownership of said apparatus shall remain in the seller until all the aforesaid payments, and any notes or acceptances that may be given on account of any such payment, shall have been fully paid," and that "in case of default in any of said payments, or notes, or acceptances, when due, the seller shall have the right, at its option, to take possession of and remove said apparatus." This was a conditional sale with title reserved in the vendor until payment should have been fully made. Such a contract is good in Pennsylvania as against all the world, except creditors of the vendee having a lien by levy or attachment. Davis v. Crompton. 158 Fed. 735, 85 C. C. A. 633.

The ice machine was erected, in part, on a foundation of masonry within a building expressly constructed by Keener Bros. for it; but it was in no wise attached to the walls or any other part of the building. Its erection was completed on June 23, 1909. On February 14, 1911, Keener Bros. went into voluntary bankruptcy. They had paid less than $1,800 of the purchase price of the machine. On March 29, 1911, the Arctic Ice Machine Company filed its petition in the District Court for the reclamation of the machine as personal property belonging to it. That court dismissed the petition. Hence this appeal.

[2] The view of the District Court was that the rule applied in Davis v. Crompton is no longer applicable to conditional sales in bankruptcy cases because of the amendment of the bankruptcy law by Congress on June 25, 1910, which added to section 47a (2) of that law, relating to the duties of trustees in bankruptcy, the following clause:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is our opinion, however, that the clause should not receive the construction thus given it. The contract of sale before us antedates the amendment. The rights of the vendor and vendee were fixed by it. Under the law of Pennsylvania the reservation of title in the Arctic Ice Machine Company was good from March 22, 1909, the date of the contract of sale, to June 25, 1910, the date of the amendment, against any trustee in bankruptcy that might have been appointed for Keener Bros. To hold that the amendment divested the vendor of its reserved title is, independent of any constitutional question, to give it a retroactive effect, not consistent with any expressed intent of Congress. The principle is too well established to be disregarded that a statute shall not, except where the legislative intent is clear, be permitted to have a retroactive effect.

[3] But it is contended by the trustee in bankruptcy that the Arctic Ice Machine Company is estopped from asserting its title to the ice machine for the reason that, on October 14, 1909, after Keener Bros. had defaulted in certain of their payments, it filed a mechanic's lien against Keener Bros.' real estate for the sum due on the ice machine contract. The mechanic's lien, however, has not been prosecuted to judgment. It appears that on September 1 and October 1, 1909, two other mechanics' liens had been filed against the real estate of Keener Bros. Possibly this fact induced the Arctic Ice Machine Company to file a lien. Of course, the lien suit and the present reclamation suit are inconsistent proceedings. The former is founded on the assumption of title in the vendee, and the latter on the assumption of title in the vendor. But the reclamation proceeding is not defeated merely because of this inconsistency. There is no proof that the rights of any of the creditors of Keener Bros. were affected by the filing of the mechanic's lien.

[4] As between vendor and vendee, the ice machine is personal property, the title to which is vested in the vendor, and, since the rights of others do not seem to have been affected by the filing of the lien claim, the assertion of a lien by the filing of the lien claim must be regarded merely as a mistake. Such a conclusion was expressed by the Supreme Court in a case in some respects not unlike the one now before us. William W. Bierce, Limited, v. Hutchins, 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828.

[5] It is further objected by the trustee in bankruptcy that the Arctic Ice Machine Company, which is a corporation of Ohio, is not entitled to maintain any claim for the machine, because of its failure to comply with the statute of Pennsylvania, which provides that no foreign corporation shall do any business in that state until it shall have established an office or offices and appointed an agent or agents for the transaction of its business therein, and filed in the office of the Secretary of the Commonwealth a statement showing its title and object, the location of its office or offices, and the name or names of its agent or agents therein. This objection does not seem to have been considered by the court below, and it cannot be considered here, for the reason that there are no proofs or admissions on the point.

Our conclusion is that the vendor is entitled to the machine. The order of the District Court is therefore reversed, with costs, and the record will be remanded, with instruction to that court to enter a new order awarding the machine to the Arctic Ice Machine Company.