### In re FARMERS' CO-OPERATIVE CO. OF BARLOW, N. D.

(District Court, D. North Dakota, S. E. D. February 8, 1913.)

1. BANKRUPTCY (§ 4*)—RIGHTS AND REMEDIES OF TRUSTEES—CONSTRUCTION OF STATUTE.

The rights and powers of a trustee in bankruptcy under Bankruptcy Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which vests him "as to all property in the custody or coming into the custody of the bankruptcy court * * * with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon," are derived from the statute and not from the creditors of the particular estate. The rights so conferred are those of the most favored creditor under the local law, and, although such law invalidates an unrecorded conditional sale contract as to subsequent creditors only, any property held by a trustee by reason of such provision becomes a part of the general estate to be apportioned among all creditors in accordance with the provision of the Bankruptcy Act on that subject.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 3, 4; Dec. Dig. § 4.*]

2. BANKRUPTCY (§ 6*)—BANKRUPTCY ACTS—CONSTRUCTION—RETROACTIVE OPERATION.

Such amendment of the act (Act July 1, 1898, c. 541, § 47a, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438], as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [U. S. Comp. St. Supp. 1911, p. 1500]) is purely remedial, giving a rule of interpretation rather than a substantive right and as such and as a part of a bankruptcy act, which applies generally to contracts previously made, may properly be given a retroactive effect and applied to a contract of conditional sale made prior to its enactment, which by reason of not having been recorded is void under the state law as to certain classes of creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 2; Dec. Dig. § 6.*]

In the matter of Farmers' Co-operative Company of Barlow, North Dakota. On review of order of referee. Affirmed in part and reversed in part.

See, also, 202 Fed. 1005.

Todd & Kerr, of St. Paul, Minn., for trustee.

Lawrence & Murphy, of Fargo, N. D., for International Harvester Co. and another.

AMIDON, District Judge. The International Harvester Company supplied to the above bankrupt eight manure spreaders under a conditional sale contract, bearing date February 23, 1910, which articles

---

were on hand at the time the petition in bankruptcy was filed, and passed into the custody of the trustee. It also furnished to the bankrupt, under a similar contract bearing date January 14, 1911, five Deering hayrakes and one Bettendorf wagon, which articles likewise passed into the custody of the trustee. The contracts reserved title to the seller until the purchase price was paid. The price of the articles being unpaid, the harvester company filed a petition with the referee, asking that the trustee be directed to deliver the property to it. As to the articles covered by the second contract, its petition was denied, and the International Harvester Company now seeks to review that order.

[1] The action of the referee seems clearly right. The conditional sales contracts were never filed, and, by section 6181 of the Revised Codes of North Dakota, they were for that reason "void as to subsequent creditors without notice, and purchasers and incumbrancers in good faith and for value." Section 47a, subd. 2, of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]), as amended in 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [U. S. Comp. St. Supp. 1911, p. 1500]), provides that trustees in bankruptcy, "as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon." If that were important, the files in this case show that there are creditors both prior and subsequent to the date of the conditional sale contract here involved. In my judgment, however, section 47 of the Bankruptcy Act, as amended, does not depend upon any such distinction. The trustee in bankruptcy derives his rights and powers from the statute, and not from the creditors of the estate. If any creditor under the local statute can obtain priority over an unfiled or unrecorded instrument by levy of attachment or execution, the trustee in bankruptcy, under section 47 as amended, has all the rights and remedies of such creditor. The distinction between prior and subsequent creditors is confined to the decisions of a few states. By the great weight of authority seizure of the property covered by an unfiled or unrecorded instrument gives to the creditor priority over such instrument, without regard to the time when the credit was given. Leonard Jones, in an article on Chattel Mortgages (6 Cyc. 1068), says:

"An unrecorded mortgage leaves the property as open to seizure by creditors upon a writ of attachment or execution against the mortgagor, as if no mortgage existed."

He collects the authorities and shows that the rule confining the right to subsequent creditors is limited to a few states. See, also, First National Bank v. Ludvigsen, 8 Wyo. 230, 56 Pac. 995, 57 Pac. 934, 80 Am. St. Rep. 928; Pierson v. Hickey, 16 S. D. 46, 91 N. W. 338; Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073.

To hold that the trustee derives his rights from the creditors of the particular estate, instead of the statute, would greatly embarrass the administration of estates in bankruptcy. It would require first an investigation to ascertain what credit was given subsequent to the unrecorded instrument. This in mercantile cases would be a difficult in-

quiry, and would often require the splitting of current accounts. Again, under this interpretation, the fund arising from the property covered by the unrecorded instrument would have to be first apportioned among the subsequent creditors to the exclusion of all other creditors, then to the lienholder, and finally to the general creditors. In re Riehl (D. C.) 200 Fed. 455. I do not think that Congress, by the 1910 amendment of section 47, intended such a result. A fair interpretation of the statute in the light of the weight of authority, as above pointed out, gives to the trustee all the rights of the most favored creditor under the local law, and any property thus held by the trustee becomes a part of the general estate to be apportioned among all creditors in accordance with the provisions of the Bankruptcy Act on that subject. The action of the referee as to articles supplied under contract of January 14, 1911, is therefore affirmed.

[2] The contract of February 23, 1910, was made prior to the act of 1910, amending section 47 of the Bankruptcy Act, and the referee for this reason held, following Arctic Ice Mach. Co. v. Armstrong County Trust Co., 192 Fed. 114, 112 C. C. A. 458, that the act of 1910 did not apply to articles furnished under that contract, and directed the trustee to return them to the harvester company. The case cited is not a binding authority in this court, but, owing to the eminent court by which it was rendered, I feel great reluctance in taking a different view of the statute from that there adopted. The question, however, was not very fully considered, and it seems to me that the decision proceeds upon a wrong interpretation of the act. The history of the statute, as given by Remington, vol. 3, p. 331, and explained in Re Farmers' Supply Co. (D. C.) 196 Fed. 991, and in Re Williamsburg Knitting Co. (D. C.) 190 Fed. 871, shows that it was purely remedial, intended to correct a misinterpretation of the Bankruptcy Act by the courts. This view is also manifest on the face of the statute. It declares that trustees in bankruptcy "shall be deemed" vested with all the rights, remedies, etc. It therefore gives a rule of interpretation rather than a substantive right. Remedial and curative statutes may properly be given a retrospective effect. Sutherland on Statutory Construction, §§ 482, 483. The rule is peculiarly applicable in the present case, for the invalidity of the unfiled contract was created, not by the amendment of section 47, but by the state statute, which was in force at the time the contract was made. All the federal law does is to give effect to the invalidity already declared by the state law. It simply enables the trustee, as the representative of creditors, to assert the same rights which the creditors themselves would have possessed if bankruptcy had not intervened. Another reason for this interpretation is found in the fact that the statute is part of a bankruptcy act, and that act generally applies to contracts made prior to its adoption, the same as to subsequent contracts. The case comes clearly within the principle enforced by the Supreme Court in National Surety Co. v. Architectural Decorating Co., 226 U. S. 276, 33 Sup. Ct. 17, 57 L. Ed. ——; Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163; Pittsburg Steel Co. v. Baltimore Equitable Society, 226 U. S. 455, 33 Sup. Ct. 167, 57 L. Ed. ——.

The order of the referee as to property covered by the contract of February 23, 1910, is therefore reversed, and it is ordered that the trustee hold the property free of the claim asserted by the harvester company in its petition.