## In re SCHNEIDER.

### (District Court, E. D. Pennsylvania.   March 14, 1913.)

### No. 4,243.

BANKRUPTCY (§ 140*)—TITLE OF TRUSTEE—CONDITIONAL SALES—STATUTES—
AMENDMENT.

 Act Cong. June 25, 1910, c. 412, 36 Stat. 838,† amending Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), providing that trustees in bankruptcy, as to all property in or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, did not invalidate a conditional sale antedating the amendment, as to the buyer's trustee in bankruptcy, which was otherwise valid.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 221, 225; Dec. Dig. § 140.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
 † U. S. Comp. St. Supp. 1911, p. 1491.

In Bankruptcy. In the matter of bankruptcy proceedings of August Schneider. On certificate of a referee to review an order directing a delivery of certain personal property to the trustee, as against the holder of an alleged lien under a conditional sale. Reversed, with instructions.

Elwood H. Deysher, of Reading, Pa., for petitioner.

John A. Keppelman, of Reading, Pa., for intervener.

J. B. McPHERSON, Circuit Judge. The bankrupt, who was a brewer, bought certain machinery from the Wittemann Company in May, 1909, which was delivered and installed a few weeks thereafter. Inter alia, the contract contained the following provision:

"The consideration on your part to be the payment of the following amount, $4,340, payable as you may be able to do in installments within the next ensuing two years. The outfit to remain our property and no right of property thereto to pass to you until fully paid for in cash, you to waive all legal exemptions; you to defend our property and to hold us harmless against claims of third parties. The outfit to be insured by you against all damage."

Only part of the consideration had been paid in December, 1911, when the adjudication was entered. In the following March the referee decided that the contract was a conditional sale, and refused a petition of the company to reclaim the property, putting the decision upon the ground that the amendment of 1910 had clothed the trustee in bankruptcy with the rights, remedies, and powers of an execution creditor. The referee's order was entered on March 14th, and is now under review. It was probably made before Arctic, etc., Co. v. Armstrong, etc., Co. (C. C. A. 3d Circuit) 192 Fed. 114, 112 C. C. A. 458, was reported; at all events, that case, which holds that the amendment of 1910 does not affect rights vested under a contract that was made before its passage, evidently did not come to his attention. The facts there were, in substance, the same as the facts now before the court. Therefore, if it be assumed, but without decision of the point, that the contract in question was a conditional sale, it was nevertheless good between the parties; and, as the law stood in 1909, was good, also, against the trustee in bankruptcy. For this proposition many cases might be referred to; it is enough to cite York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, and Davis v. Crompton, (C. C. A. 3d Circuit) 158 Fed. 735, 85 C. C. A. 633.

This is the only question raised by the referee's certificate, and I can decide no other. It is true that the referee has filed within the last few days what is entitled a—

"Supplement to certificate on review of referee's order dismissing the petition of the Wittemann Company praying that the trustee be directed to turn over to petitioner certain machinery."

And it is also true that in this supplement he expresses the opinion that Katharine B. Stocker, who became the first mortgagee of the brewery plant in 1907, and afterwards, in May, 1912, bought the plant from the trustee, may treat the machinery as fixtures, and has a right, under certain terms of the mortgage, that is superior to the right of

the company. But an opinion, without an order or a judgment, presents nothing to review. I am sure counsel will see, upon further reflection, that a court can only review an order or a judgment or a decree that takes some step in a cause, and not a mere opinion upon a question of law. The dispute between the company and the trustee was a distinct and separate matter; it has now been decided by this court, but the decision does not carry with it a decision of the other dispute between the company and Katharine Stocker. That is also distinct and separate; she has now taken possession of the machinery, and asserts that she bought a complete title thereto from the trustee at the public sale in May held under the referee's order, although the dispute between the trustee and the company had not then been finally decided, and although the order of sale expressly reserved the company's rights. Evidently, as it seems to me, I cannot decide this dispute effectively in the present condition of the record. If the referee be right, nevertheless there is no order to be enforced, either against Katharine Stocker or against the company; if I should disagree with his opinion, I can make no order myself (and compel obedience thereto) that would take the property out of her adverse possession and put it into the possession of the company. I am therefore obliged to remit the parties to such remedies, either in this court or elsewhere, as they may be able to invoke. Perhaps they may see their way to a settlement without further litigation.

The order of the referee, under date of March 14, 1912, is reversed, with instructions to grant the petition of the Wittemann Company.