## STORY & CLARK PIANO CO. v. HOLMES.

### In re MAHONEY.

(Circuit Court of Appeals, Seventh Circuit.   April 9, 1918.)

### No. 2479.

1. BANKRUPTCY ☞210—JURISDICTION OF COURT—POSSESSION OF PROPERTY.

   Where actual possession of piano conditionally sold passed to trustee in bankruptcy of conditional buyer, piano thereby came into custody of law, and, under the general equity principle, the bankruptcy court had ancillary jurisdiction to determine all questions respecting title, possession, or control.

2. BANKRUPTCY ☞209(½)—ASSERTION OF "ADVERSE CLAIM"—"PROCEEDING IN BANKRUPTCY."

   Piano company's good-faith assertion of title and right of possession to piano conditionally sold by it to a bankrupt constituted an "adverse claim," as distinguished from a "proceeding in bankruptcy," and entitled it to a plenary hearing in the bankruptcy court, but only the kind of plenary hearing that would end the situation.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Claim; Second Series, Proceeding in Bankruptcy.]

3. BANKRUPTCY ☞212—ADVERSE CLAIM TO PROPERTY—INVITATION TO PLENARY DETERMINATION.

   Where piano company, which had sold piano conditionally to bankrupt, had claim adverse to that of trustee, latter's petition in bankruptcy court against piano company, in nature of bill to quiet title, and rule thereon that piano company appear and set up its claim, were an invitation to the company to have a plenary determination of its alleged rights, and, the company having objected to the jurisdiction, and withdrawn on adverse ruling, title was properly decreed in the trustee.

4. SALES ☞477(1)—CONDITIONAL SALE—ELECTION TO PASS TITLE—RECLAMATION.

   Having passed title to a piano conditionally sold by it, under the contract of sale, the piano company could not reclaim the instrument at will.

5. BANKRUPTCY ☞212—CONDITIONAL SALE—SURRENDER OF OWNERSHIP—SUFFICIENCY OF EVIDENCE.

   On petition in nature of bill to quiet title by trustee in bankruptcy against piano company, which sold piano conditionally to bankrupt, evidence *held* to warrant finding that company had exercised its stipulated right to surrender ownership to the bankrupt.

6. SALES ☞462—CONDITIONAL SALE—STATUTE—SUBSCRIBED BY THE PARTIES.

   Under St. Wis. 1917, § 2317, voiding conditional sale contract as to third persons, unless "subscribed by the parties," a duly recorded conditional sale contract, covering a piano, and signed by buyer and selling agent of piano company, who had no interest in or lien on piano, or right to sell in his own name, was void.

Appeal from the District Court of the United States for the Western District of Wisconsin.

Petition in equity in the nature of bill to quiet title by Arthur T. Holmes, trustee in bankruptcy of Earl J. Mahoney, bankrupt, against the Story & Clark Piano Company. From decree for complainant, defendant appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. A. Baer, of Milwaukee, Wis., for appellant.
Fred Hartwell, of La Crosse, Wis., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Appellant, at Milwaukee, Wis., delivered a piano to Mahoney, who at the same time signed a conditional sale contract. One Mitchell, who in fact was a sales agent of appellant, joined in signing the instrument, but only personally, not describing himself as agent of appellant; and appellant did not otherwise execute the written contract. When three monthly installments had become due and remained unpaid, Mahoney informed appellant that he was unable to make the payments and advised appellant to come and take possession of the piano under the provision in the contract to that effect. Appellant's reply was a refusal to receive the piano and the institution of an action in debt and garnishment. Thereupon Mahoney went into bankruptcy and turned over the piano to Holmes, trustee. Appellant dismissed its action, and notified appellee that it claimed right of possession under the conditional sale contract; appellee asserted that the contract was void as against creditors, and, appellant taking no steps to enforce its alleged right, filed in the court below a petition in the nature of a bill to quiet title, asking that appellant be ruled to appear and set up its claim. In response to the rule appellant appeared specially, objected to the jurisdiction of the court, and also contended that it was entitled to have the matter of the asserted title determined in a plenary independent suit. On the overruling of these objections, appellant withdrew, and the hearing resulted in a decree of title in appellee.

[1] 1. Appellant confuses an asserted right of possession with actual possession. Mahoney's actual physical possession lawfully passed to appellee, and thereby the piano came into the custody of the law. When this situation arises in a bankruptcy court, as in any other, the general equity principle applies that the court that has actual possession of property has an ancillary jurisdiction to hear and determine all questions respecting title, possession, or control of the property. Murphy v. Hofman, 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327; Mining Co. v. Walsh (D. C.) 198 Fed. 351; Fidelity Trust Co. v. Gaskell, 195 Fed. 865, 115 C. C. A. 527.

[2, 3] 2. True, appellant's good-faith assertion of title and right of possession constituted an adverse claim, as distinguished from a "proceeding in bankruptcy," and entitled appellant to a plenary hearing, but only the kind of plenary hearing that would fit the situation. In re Eppstein, 156 Fed. 42, 84 C. C. A. 208, 17 L. R. A. (N. S.) 465; In re Rathman, 183 Fed. 913, 106 C. C. A 253. As in a railroad receivership suit, appellant could have intervened with a bill, on which it would have had the right to demand a full and orderly trial of its adverse claim. But the same ancillary jurisdiction that is available to one party to a controversy is of course open to the adversary. So appellee's petition and the rule thereon were an invitation to appellant to have a plenary determination of its alleged rights. If appellee's petition were not as full as appellant might deem necessary in

an independent bill, it could have raised the question by motion, and could have supplemented any supposed shortage by its answer or cross-bill. But appellant rejected the invitation.

[4, 5] 3. Three remedies were given to appellant by the contract: (1) To take possession of the piano, sell it after giving ten days' written or posted notice, and collect any deficiency from the buyer. (2) To take possession, surrender the contract to the buyer, and retain all payments as liquidated damages. (3) If appellant should "so elect, to surrender title and ownership, and to proceed to collect from the buyer the sums remaining unpaid, without notice to the buyer of such election." Appellant was not defeated in the trial court on the ground of estoppel by its action at law or of an irrevocable election of remedies. Bierce v. Hutchins, 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828; Arctic Ice Machine Co. v. Armstrong Co., 192 Fed. 114, 112 C. C. A. 458; Nauman Co. v. Bradshaw, 193 Fed. 350, 113 C. C. A. 274. Appellant's action in debt and garnishment, together with correspondence showing appellant's intent to compel Mahoney to keep the piano and pay for it out of his wages as a railroad employé, were taken as evidence of the fact that appellant had exercised its stipulated right to surrender ownership. Having passed the title, appellant could not reclaim it at will. We think that under the evidence the finding of fact was warranted—a finding that might not be possible under the usual conditional sale contract, in which the title of the seller is kept in him until all payments are made.

[6] 4. Under section 2317, R. S. Wis., a conditional sale contract is void as to third persons, unless "subscribed by the parties" and duly recorded. In Kellogg v. Costello, 93 Wis. 232, 67 N. W. 24, a contract signed by the buyer and by the agent of the seller in the agent's own name was sustained, because the agent in that case was a factor, having the right to sell and sue in his own name on account of his interest in and lien on the property. We believe the fair implication is that the contract in suit is void as to third parties, under Wisconsin law, because Mitchell, though a selling agent of appellant, had no interest in or lien on the piano and no right to sell in his own name.

The decree is affirmed.