### In re DU PONT YOUNG MFG. CO.

(District Court, D. Massachusetts. May 25, 1923.)

No. 28021.

**Bankruptcy ⬤228—Review lies only to an order made by the referee.**
> Under General Order XXVII (89 Fed. xi, 32 C. C. A. xi), review lies only to an order made by the referee, and decisions of a referee are not reviewable until embodied in an order and properly certified, and no review can be had of a paper not signed or initialed by the referee, and not entitled an order and in form a mere memorandum; the referee being prevented by illness and death from completing the matter.

In Bankruptcy. In the matter of the estate of the Du Pont Young Manufacturing Company, bankrupt. On petition for review of order. Petition dismissed.

Horblit & Wasserman, of Boston, Mass., for petitioners.
Warner, Stackpole & Bradlee, of Boston, Mass., for creditors.

MORTON, District Judge. Receivers were appointed upon an involuntary petition in bankruptcy. In connection with the settlement of their account, petitions were filed for the allowance of fees to counsel for the petitioning creditors, for the receivers, and for the bankrupt, and the settlement of the receivers' compensation.

These questions were submitted to Referee Gibbs. On December 6, 1921, he placed with the papers in the case one headed "Allowance of Attorney's Fees," a copy of which is annexed to the petition for review. It bears no filing mark as required by General Order II (89 Fed. iv, 32 C. C. A. iv), and is very informal. No orders were ever entered upon the petitions. Referee Gibbs was seriously ill at the time, and he died on February 9, 1922.

---

On December 16th the present petition for review of the so-called order was filed. It was signed only by Mr. Stackpole and Mr. Chapin who were of counsel in the case. They had no standing to petition for review, and the petition does not disclose on whose behalf they acted. It was plainly insufficient. Referee Gibbs was unable to make the certificate for review and died without having done so. One was subsequently made by Referee Hutchings (who succeeded him) under date of June 15th, and was on that day filed in the District Court with the papers in the review proceedings. On October 9th Referee Hutchings allowed an amendment to the petition for review, reciting that the petitioners were "counsel for Stuart Montgomery, a creditor of the said bankrupt with a claim amounting to $18,127.38, which has been duly allowed and for Lewis H. Homer, one of the receivers, and that the application is also made on their behalf." These constitute the record now before the court. The defendant in review has moved to dismiss upon various grounds.

Under General Order XXVII (89 Fed. xi, 32 C. C. A. xi) review lies only to an order made by the referee, and the referee is required to certify "the questions presented, a summary of the evidence relating thereto, and the finding or order of the referee thereon." Id. It is well settled that decisions of a referee are not reviewable until embodied in an order and properly certified. "But an opinion without an order or a judgment presents nothing to review. * * * If the referee be right, nevertheless there is no order to be enforced, either against Katharine Stocker or against the company." McPherson, J., in Re Schneider (D. C.) 203 Fed. 589, 29 Am. Bankr. Rep. 469, at page 471. See, too, In re Lacey, 35 Am. Bankr. Rep. 231, 233; In re Philip Smith, 93 Fed. 791, 2 Am. Bankr. Rep. 190; In re Chambers, Calder & Co., 6 Am. Bankr. Rep. 709.

The paper relied on as an order is typewritten, and is not signed or initialed by the referee; it is not entitled an order, and is in form a mere memorandum. With reference to fees to counsel for the receivers it says:

"Receiver—Total of $5,000, and apportioned among counsel employed by the receivers. Right and authority of receivers to employ counsel?"

The interrogation mark would seem to indicate that Referee Gibbs was still undecided upon the point. I am not satisfied that it was a final order disposing of the matters referred to. It seems to me more probable that it was a memorandum of decision for the guidance of counsel in drawing orders to be submitted to him for approval and entry. He was prevented by illness and death from completing the matter..

In re Lacey & Co., supra, presents strikingly similar facts. The question was whether the trustee should be allowed certain disbursements on the ground that they had been ordered by the referee. The referee had resigned. There was found "in the record of the case returned to this court a sheet of paper acknowledged to be in the handwriting of said Hallan [the former referee] without date, without a filing mark, without the signature of the then referee, or authentica-

tion by him of any sort." Stafford, J., 35 Am. Bankr. Rep. 234. Of this paper, which was relied on as an order, the court said:

"We do not see how it can be held that what was done constituted an order such as would form the basis for a petition for review," etc.

In my opinion, no orders were entered in this case, as alleged in the petition for review. The certificate prepared by Referee Hutchings contains hardly more than the bare record; it does not contain any summary of the evidence, and from the nature of things it could not, because Referee Hutchings had nothing to do with the matter while it was in hearing. The case stands like one heard by a master who dies before filing his report. Without passing upon the other questions argued, the petition for review must be dismissed.

So ordered.