## CLEMENTS v. CONYERS.*

Circuit Court of Appeals, Seventh Circuit.
November 28, 1928.

No. 4092.

*Rehearing denied May 27, 1929.

See, also, 32 F.(2d) 5.

Walter T. Gunn and Harold F. Lindley, both of Danville, Ill., for appellant.

Wm. C. Welborn and Isidor Kahn, both of Evansville, Ind., and Charles O. Baltzell, of Princeton, Ind., for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Appellee has moved this court to dismiss the appeal for want of jurisdiction. The motion is based on appellant's failure to secure an allowance of his appeal by this court.

Appellant is the trustee in bankruptcy of the Pike County Collieries Company, a bankrupt. Appellee is the receiver of said bankrupt under an earlier order of appointment by a state court of Indiana. The District Court ordered appellee to appear and answer a petition wherein the relief sought was an order directing the receiver to turn over to appellant all profits and assets, real and personal, in his custody. Appellee answered and a trial was had. Witnesses were sworn, examined, and cross-examined, and the court disposed of the matter in the following language: "I think the record here should simply show a decree dismissing the bill for want of equity. That will be the finding of the court."

This decree was entered July 12, 1928. On the next day the District Court allowed an appeal and fixed the bond, which bond was approved on the 17th day of July. Appellee contends that the appeal should have been allowed by this court.

The statute respecting appeals from orders entered in bankruptcy proceedings (Bankruptcy Act, § 24) was amended by Act May 27, 1926, § 9 (11 USCA § 47), so as to read:

"(b) The several Circuit Courts of Appeal and the Court of Appeals of the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law * * * the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 to be allowed in the discretion of the appellate court.

"(c) All appeals under this section shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered."

Under this statute, as amended, all appellate court review is by appeal. The old remedy by petition to review and revise no longer exists.

The right to appeal under section 25 (11 USCA § 48) is absolute. The right to appeal under section 24b is not an absolute one, but is dependent upon an allowance by the appellate court. In both instances, however, the appeal must be taken within 30 days. Failure to prosecute the appeal in 30 days or failure to secure an allowance of the appeal by the appellate court in certain proceedings defined in section 24b is fatal to the appeal. Rutherford v. Elliott (C. C. A.) 18 F.(2d) 956; Broders v. Lage (C. C. A.) 25 F.(2d) 288; Stanley's Incorporated Store No. 3 v. Earl (C. C. A.) 25 F.(2d) 458.

As there was no appellate court allowance of the appeal in the instant case, the motion to dismiss must be granted unless appellant can show that the dispute in the district court was not a "proceeding in bankruptcy," but was a "controversy arising in bankruptcy proceedings," in which case his right to appeal is governed by the statute allowing appeals in equity suits.

If the dispute in the District Court was a "controversy," as that term is defined by the courts, then the decree of the court of bankruptcy is reviewable by appeal, without any action on the part of the appellate court. In fact, since the amendment to the statute governing appeals (section 861b 28 USCA), such appeals may be taken by the aggrieved party as a matter of right and without the order of any court.

On the other hand, if the dispute in the District Court was a proceeding and did not come within the exception noted in section 25 of the Bankruptcy Act, then allowance of the appeal by the appellate court was necessary. Was the instant suit, then, a "controversy arising in bankruptcy proceedings"?

In Taylor v. Voss, 271 U. S. 180, 46 S. Ct. 463, 70 L. Ed. 889, the court said: "'Controversies arising in bankruptcy proceedings' referred to in section 24a, *include those matters arising in the course of a bankruptcy proceeding, which are not mere steps in the*

ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate."

The court also defines the "proceedings" in bankruptcy. referred to in section 24b, thus: "Those matters *of an administrative character,* including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate."

We think the present case comes within the definition of a "controversy" as defined in Taylor v. Voss, supra. The dispute involved distinct issues between the trustee and an adverse claimant. See, also, Story & Clark Piano Co. v. Holmes (C. C. A.) 251 F. 565; Harrison, Trustee, v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897.

Appellee argues that the procedure adopted by petitioner is indicative of the character of the dispute; that is to say, that in "proceedings" the party moves in a summary way to settle the matter whereas when the dispute involves a "controversy" the procedure is by plenary suit.

While it is true that in the disposition of administrative matters which generally speaking are "proceedings" rather than "controversies arising in bankruptcy" the procedure is summary, it by no means follows that the character of the dispute may be conclusively determined by an examination of the procedure adopted.

In other words, mode of procedure cannot alone determine the nature or character of the dispute. That must be determined by the allegations of the bill or petition and the averments of the response or answer.

Moreover, we are not satisfied that petitioner in the present case proceeded summarily. It is true he filed a petition and obtained an order on appellee to show cause. But appellee filed a formal answer, and so described it, and the legal steps from then on were similar to those of an ordinary suit in equity. In other words, the matter being at issue, a day was set for trial, and petitioner offered his evidence which was met by defendant's evidence. The court entered what it termed a decree.

The facts are not unlike those in Re Rockford Produce & Sales Co. (C. C. A.) 275 F. 811. We there held the procedure was not summary.

The motion to dismiss the appeal is denied.