## In re MEIER.

(Circuit Court of Appeals, Eighth Circuit. October 17, 1910.)

No. 105, Original.

1. BANKRUPTCY (§ 250*)—PROCEEDINGS TO REQUIRE THIRD PERSON TO SURRENDER PROPERTY—PRESUMPTIONS.

When property of a bankrupt estate is traced to the possession of one who received it on the eve of the bankruptcy, it is presumed that it remains in his possession or under his control, and the burden rests on him to satisfactorily account for it to the court of bankruptcy; he cannot escape an order for its return by simply denying under oath that he has it or that it is the property of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 350; Dec. Dig. § 250.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 250*)—PROCEEDINGS TO REQUIRE THIRD PERSON TO SURREN-
DER PROPERTY—SUFFICIENCY OF EVIDENCE.

The treasurer of a corporation doing business in St. Louis, within a week prior to its bankruptcy, drew from the bank and otherwise received over $21,000 of the money of the corporation, and on the night before the petition was filed left the city and did not return for more than a year. After his return he was cited to appear and show cause why he should not turn such money over to the trustee. On the hearing he refused to answer all questions asked him relative to his disposition of the money, and to most of the others relative to his dealings with the bankrupt estate answered that he did not remember, and wholly failed to account for the money except by stating generally in answer to his counsel that he had no property of the corporation in his possession. *Held*, that an order requiring him to turn over to the trustee the sum of $12,500 was warranted.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 350; Dec. Dig. § 250.*]

Petition to Revise in Matter of Law an Order of the District Court of the United States for the Eastern District of Missouri, in Bankruptcy.

In the matter of the Meier China & Glass Company, bankrupt. On petition of Alexander R. Meier to revise an order requiring him to turn over money of the bankrupt. Affirmed.

Chester H. Krum, for petitioner.

George M. Block and F. H. Sullivan, for respondent.

Before SANBORN and VAN DEVANTER, Circuit Judges, and REED, District Judge.

REED, District Judge. This petition, under section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), challenges the correctness of an order of a court of bankruptcy which required the petitioner to turn over to the trustee of a bankrupt estate $12,500 in money the property of said estate and found to be in his possession or under his control. The facts are: The Meier China & Glass Company, a Missouri corporation, doing business in that state, was adjudged bankrupt by the United States District Court for the Eastern District of Missouri, July 24, 1908, upon petition of certain of its creditors filed June 15th preceding, and the respondent afterwards duly appointed as its trustee. The petitioner, Alexander R. Meier, was secretary and treasurer of the bankrupt corporation, and his brother, Fred C. Meier, was its president. June 8th, seven days before the petition in bankruptcy was filed, the petitioner drew his check as secretary and treasurer of the corporation upon the National Bank of Commerce in St. Louis, for $16,000, payable to "cash," and gave it to one Stocke, requesting him to "cash the check" for him. Stocke indorsed the check and received the amount thereof from some bank in St. Louis, and it was duly paid by the National Bank of Commerce through the clearing house in that city. June 9th Stocke delivered to the petitioner $12,500 of the amount so received by him and retained $3,500 thereof to pay a debt which he claimed was owing him by the petitioner and his brother, Fred C. Meier. June 12th Fred C. Meier, as president of the bankrupt cor-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

poration, sold all of its remaining assets and received therefor $8,750, which he turned over to the petitioner on the same day. The night of June 14th the petitioner left St. Louis and says that he went to Kansas City, and from there, in the order stated, to Denver, Colorado Springs, Salt Lake City, San Francisco, Los Angeles, Portland, and Seattle, stopping at each place for some time, and returned to St. Louis in the fall of 1909, but is unable to state the month. After his return and on September 30, 1909, the trustee filed with the referee a petition alleging that Meier then had in his custody or under his control the sum of $12,500 in money belonging to the bankrupt estate, to the possession of which the trustee was entitled, and asked for an order requiring him to appear before the referee and show cause why he should not turn over to the trustee such money. The referee made an order as requested and fixed a date for the petitioner to appear before him and show cause why he should not comply with the demands of the trustee, which order was duly served upon the petitioner. The petitioner appeared before the referee at the time so fixed with counsel and answered, denying that he had any money in his possession belonging to the bankrupt estate. January 29, 1910, the referee, after a hearing, found that the petitioner then had in his possession or under his control $12,500 in money, the property of the bankrupt estate, and ordered that he turn the same over to the trustee within 10 days. Upon a petition by Meier for a review of this order, it was on March 14, 1910, approved and confirmed by the judge. Thereupon this petition to revise in matter of law the order of the judge so made was filed, and the matter is now submitted for our determination.

It appears without dispute that on June 9, 1908, about a week before the filing of the petition in bankruptcy, the petitioner as treasurer of the bankrupt corporation received from the National Bank of Commerce, St. Louis, $12,500 in money, the property of said corporation; and on June 12th, $8,750 more as the proceeds of the sale of the remainder of its assets. The night before the petition in bankruptcy was filed, the petitioner left St. Louis, and did not return until the fall of the year following. Upon the hearing before the referee, he not only failed to account for the money so received by him, but refused to answer all questions asked him relative to its disposition upon the ground, as stated by him, "that his answers might tend to incriminate him." His counsel asked of him but one question, which is: "Have you any property in your possession of the Meier China & Glass Company?" He answered, "No, sir." This is the only showing he has seen fit to make of the disposition of over $20,000 in money of the bankrupt corporation so received by him as its treasurer within a few days prior to its bankruptcy. That the petitioner received the money of the corporation as stated is not disputed, and the only thing said in support of the petition to revise is that there is no presumption that the petitioner had this money or any part of it in his possession when the order requiring him to turn over $12,500 thereof to the trustee was made. But the settled rule is that, when property of a bankrupt estate is traced to the possession of one who receives it upon the eve of the bankruptcy of its own-

182 F.—51

er, it is presumed that it remains in his possession or under his control until he satisfactorily accounts to the court of bankruptcy for its disposition or disappearance; that the burden is upon him to satisfactorily so account for it; and that he cannot escape an order for its surrender by simply denying under oath that he has it, or that it is the property of the bankrupt estate. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Boyd v. Glucklich, 116 Fed. 135–143, 53 C. C. A. 451; Schweer v. Brown, 130 Fed. 328, 64 C. C. A. 574; In re Salkey, 21 Fed. Cas. Nos. 12,253 and 12,254.

In this case the petitioner does not even deny that he has the money in his possession or under his control, but only denies that it is the property of the bankrupt estate. This is wholly insufficient to escape an order for its surrender. Even if he had denied having the money in his possession or under his control, the referee was not required to accept such denial as conclusive; and, if otherwise clearly satisfied from the evidence that he did have it in his possession or under his control, it was his duty to order him to surrender it. To most of the questions asked the petitioner upon the hearing before the referee relative to his dealings with the bankrupt estate which he did answer, he returned only the stereotyped answer, "I don't remember." Such answers do not conceal the falsehood they are intended to hide.

The least that can be said of the conduct of this petitioner with reference to the money so received by him is that it was a bold and deliberate attempt to defraud his creditors of, and appropriate to his own use, at least $12,500 of the property of this bankrupt estate; and, while he cannot be punished in this proceeding for his reprehensible and dishonest conduct, he can and should be required to comply with the order of the court made in due course of the bankruptcy proceedings by confinement, if necessary, as for contempt until such order is complied with.

If the petitioner is to be believed at all, no one accompanied him on his trip to the coast and return. The referee made a most liberal allowance for the expenses of such trip and found that at the date of the order he still had in his possession or within easy reach at least $12,500 of this money, the property of the bankrupt estate, and ordered that he turn this amount over to the trustee within 10 days.

The order was right, and the petition to revise is denied.