## In re STANNY.

(District Court, W. D. New York. September 8, 1915.)

1. BANKRUPTCY ⬥136—CONTEMPT OF BANKRUPT—FAILURE TO TURN OVER ASSETS.

On motion to punish the bankrupt for contempt of court for disobeying the order of the referee requiring him to restore to the estate a sum of money in his possession or under his control, or which had been in his possession or under his control at all times immediately prior to the adjudication until the present, the burden was on the bankrupt to account for the disposition or disappearance of his property, and his simple denial that he had possession of the sum, the proceeds of sales, or his inability to remember what had become of them, was insufficient to relieve him of punishment for contempt in failing to obey the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⬥136.]

2. BANKRUPTCY ⬥136—BANKRUPT'S "CIVIL CONTEMPT"—FAILURE TO COMPLY WITH REFEREE'S ORDER.

A bankrupt's failure to surrender funds in his possession to the trustee upon the referee's order or to show that he is unable to do so, is a

"civil contempt" of court, for which attachment may issue committing such bankrupt to the penitentiary, to be imprisoned until he complies with the order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⊘136.

For other definitions, see Words and Phrases, First and Second Series, Civil Contempt.]

3. BANKRUPTCY ⊘136—CONTEMPT—POSSESSION OF FUNDS—SUFFICIENCY OF EVIDENCE.

On motion to punish a bankrupt for contempt of court by disobeying an order of the referee directing him to turn over funds to the trustee, evidence on the point of his possession of the funds *held* sufficient to justify order holding the bankrupt in contempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⊘136.]

In Bankruptcy. In the matter of Adam Stanny, bankrupt. On motion to punish the bankrupt for contempt of court in disobeying an order of the referee. Motion granted, and questions certified answered in the negative.

Wile & Oviatt, of Rochester, N. Y., for trustee.

Norman Rosenberg, of Rochester, N. Y., for bankrupt.

HAZEL, District Judge. This motion is to punish the bankrupt for contempt of court for disobeying the order of the referee in bankruptcy, dated May 26, 1915, requiring him to restore to the bankrupt estate the sum of $5,121.46, which either was then in his possession or under his control, or had been in his possession or under his control "at all times immediately prior to the adjudication herein on August 12, 1914, until the present time." Counsel for bankrupt argued that there was no ground to sustain a reasonable inference that the dressed meats, beef, etc., purchased by the bankrupt from various dealers, had been sold in bulk or in unusual quantities just before the bankruptcy, and contended that the merchandise was sold by the creditors without close scrutiny of the financial affairs of the bankrupt and purchased by the bankrupt without a realization of his financial condition, and also that no such clear concealment of assets was proven as to warrant the conclusions of the referee. No explanation was offered as to what the bankrupt did with the proceeds of retail sales of dressed meats bought by him from July 27, 1914, to August 12th of the same year, although during such time he made purchases for resale in his meat market amounting to $7,164.84, all of which were made on credit, save a quantity amounting to $372. It appears that his bank deposits between the time of said purchases and his adjudication amounted to only $946.38, that his sales of meat were made at retail prices in the ordinary way, and that the value of goods on hand at the time the petition was filed amounted to only $200. The assumption by the referee, therefore, was that the difference was in his possession or under his control.

It also appears that the bankrupt had sold or transferred to his brother-in-law certain property amounting to $500. As sales amounting to $5,121.46 were not accounted for, and no explanation for such omis-

sion was made, the referee, believing the bankrupt to be able to comply with such an order, directed him to pay such sum to the trustee within five days. In the course of the inquiry a number of witnesses were sworn, including the bankrupt, who was examined at length. He denied concealing proceeds of sales, but many of his answers were evasive and unsatisfactory. In March, 1914, the bankrupt made a statement claiming that his assets were $12,681.26. Five months later, when he filed his petition herein, his liabilities were about $10,693.52, a decrease of $23,374.78, which the proofs fail to explain. On the day before the bankruptcy proceedings were begun, he transferred one of the two meat markets, of which he was owner to his brother-in-law, and gave a chattel mortgage to his father-in-law to secure $3,800. He failed to keep any record of his business transactions during several weeks before bankruptcy, though the business continued as usual and his purchases of meats were quite extensive, his sales amounting to upwards of $8,000; and he paid very little to his creditors. His accounts with his customers disappeared, being taken to his sister's house.

[1, 2] The record in its entirety discloses an intent on the part of the bankrupt to conceal his property to cheat and defraud his creditors and at the same time take advantage of the Bankruptcy Act of July 1, 1898 (30 Stat. 544, c. 541). It seems improbable that during the short period preceding the bankruptcy, during which he concededly purchased and sold meats in large quantities, he should be unable to account for the proceeds. The burden was upon him to account for the disposition or disappearance of his property. His simple denial that he has possession of the proceeds of sales, or his inability to remember what became of them, is insufficient to relieve him of punishment for contempt in failing to pay the trustee. In re Meier, 182 Fed. 799, 105 C. C. A. 231; In re Richards (D. C.) 183 Fed. 501. As he has failed to prove that he was unable to make such payment, the findings of the referee that he has withheld assets from the trustee were not improper, and his failure to make surrender thereof is a civil contempt of court, for which an attachment may issue committing him to the Monroe county penitentiary, to be there imprisoned only unless or until he complies with the order of the bankruptcy court.

[3] Since the hearing counsel for the bankrupt has filed a petition for review of the referee's decision. The questions certified are whether the order holding the bankrupt to be in contempt of court is based on insufficient evidence, and whether a creditable explanation has been made showing what became of the property in question. Having sufficiently examined the record in connection with the motion to punish for contempt, and deeming the conclusions of the referee supported by the facts and circumstances, the questions certified are answered in the negative.

So ordered.