## LAURSEN et al. v. LOWE.
### Nos. 5485, 5486.

Circuit Court of Appeals, Sixth Circuit.
Jan. 16, 1931.

H. J. Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, Robinson & Parsons, of Holland, Mich., Slabaugh, Seiberling, Huber & Guinther, of

304

Akron, Ohio, and Thos. N. Robinson, of Holland, Mich., on the brief), for appellant Laursen.

Willis Bacon, of Akron, Ohio (Burch, Bacon & Denlinger, of Akron, Ohio, and Stolts & Crocker and Victor M. Stolts, all of Eau Claire, Wis., on the brief), for appellee Lowe.

Before MOORMAN, MACK, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Appellee Lowe instituted an action on the equity side of the court below and secured a decree for accounting, and declaring a 20 per cent. interest in complainant in all royalties to be paid to appellant, defendant below, under certain patents for the curing and vulcanizing of automobile tubes and tires by a hot-water process. The parties disagree upon, and address much of their argument to, the issue whether their relationship was that of joint adventurers or merely of parties to a unilateral contract, particularly as bearing upon the complainant's right to maintain his suit in equity. This issue does not seem to us to be vital. Even though the question be presented as one of simple breach of contract, the fact that compensation was to be paid from future royalties which were not subject to accurate estimate or computation would, we think, be sufficient to confer equity jurisdiction either in analogy to matters of partnership, or upon the ground that an equitable interest in such royalties themselves was created when and as they were received. Wylie v. Coxe, 15 How. 415, 14 L. Ed. 753; Ingersoll v. Coram, 211 U. S. 335, 365, et seq., 29 S. Ct. 92, 53 L. Ed. 208; Valdes v. Larrinaga, 233 U. S. 705, 709, 34 S. Ct. 750, 58 L. Ed. 1163.

The only other question presented is one of fact, viz. whether the parties had entered into a binding contract that the appellant would pay to the appellee 20 per cent. of all royalties secured from manufacturers, in return for services of the appellee in interesting such manufacturers, procuring their representatives to be sent to Eau Claire, Wis., to see the process in operation at the Gillette Rubber Company plant there, and obtaining licensing agreements with them. While much weight is ordinarily, and rightly, given to the opinion of the trial judge who has seen the witnesses upon the stand, noted their demeanor, and heard them testify, yet in an equity appeal the obligation is imposed upon this court of reviewing the record, weighing the evidence, and determining as best we may whether the plaintiff has sustained the burden of proof resting upon him. In the present case we have come to the conclusion that he has not done so. This involved a detailed consideration and analysis of the evidence which is of direct interest only to the parties and their counsel. The result of this study and our conclusions and findings upon each of the several issues of fact have been prepared and filed with the clerk and are available to those interested. In the interest of brevity in published opinions, however, this memorandum is not reported in the Federal Reporter.

We find that the burden of proof was upon the complainant to establish his case by a preponderance of the evidence, and that he has failed to sustain this burden.

The judgment of the District Court is therefore reversed, and the cause remanded, with instructions to dismiss the bill.