## McCREA v. UNITED STATES ET AL.

No. 249.  Motion filed January 30, 1935.—Decided February 18, 1935.

MR. JUSTICE STONE delivered the opinion of the Court.

Petitioner has moved for reargument of the question whether the failure to pay his wages was " without sufficient cause," on the ground that this Court " misapprehended the facts shown by the record " in accepting the finding of the district court that petitioner " departed the ship without seeing the captain " on the second day after her arrival at the port of London.

In support of this contention petitioner, for the first time, invites our attention to an excerpt from the vessel's log, an exhibit in the case, which states that he was " aboard ship from 3:20 PM Feb. 29th to 9:00 AM March 1st, 1928 " and that he was " last . . . seen aboard ship at 9:00 AM March 1st, 1928." It is conceded that the vessel arrived in port on Sunday, February 26, 1928, and sailed the following Friday, March 2nd.  As the year was a leap year, petitioner argues that he is thus shown to have been on board on the morning of the fourth calendar day after arrival; that, as the vessel sailed the

following day, it may be inferred that he did not leave until the cargo was discharged; and that the failure to pay wages before his departure on March 1st was therefore without sufficient cause.

The details of petitioner's leaving the vessel were not considered by the Circuit Court of Appeals, presumably because its decision was placed on other grounds. But in this Court respondent properly sought to sustain the decision below on the ground that the failure to pay wages was not without sufficient cause. In its brief it specifically relied on the finding of the district court that petitioner had abandoned the vessel two days after arrival, and cited the record in support of the finding. Petitioner in this Court neither challenged the finding of the district court nor assailed the sufficiency of the evidence to support it, and we are now asked, for the first time, by a motion for reargument, to weigh the evidence.

The petitioner, in his testimony in his own behalf, both on direct and cross-examination, testified at four different points in the record that he abandoned the vessel on February 28th, which was on Tuesday, two days after arrival. He identified the day of abandonment by its date, as being on Tuesday, and as being the day after his visit to the Consul's office, which was on Monday, February 27th. He was equally specific in his testimony that when he left the vessel he did not intend to return and did not in fact return. We accept his testimony as correct and as abundantly supporting the finding of the district court.

We also think, as the opinion indicates, that petitioner's departure from the vessel, whenever it occurred, without informing the master whether he persisted in his demand, precludes the inference that, in the circumstances, the failure to pay wages was " without sufficient cause." The motion is

*Denied.*