**MOORE et al. v. LANE.**

**SLIMAN v. LANE.**

Nos. 10529, 10530.

Circuit Court of Appeals, Eighth Circuit.

July 10, 1936.

Eugene R. Warren, of Little Rock, Ark., and Bruce Ivy, of Osceola, Ark. (J. W. House, C. H. Moses, and W. H. Holmes, all of Little Rock, Ark., on the brief), for appellants.

Max B. Reid, of Blytheville, Ark. (Marcus Evrard, of Blytheville, Ark., on the brief), for appellee.

Before GARDNER and SANBORN, Circuit Judges, and NORDBYE, District Judge.

GARDNER, Circuit Judge.

On the 29th of October, 1932, an involuntary petition in bankruptcy was filed against D. M. Moore and N. M. Moore, doing business as D. M. Moore Grocery Company. On November 18th following, they were duly adjudged bankrupts, and on December 2, 1932, J. Q. Lane was elected trustee in bankruptcy. Thereafter, the trustee filed a petition in the bankruptcy court,· charging that the bankrupts had concealed assets of the value of $106,894.-83. Citation thereupon issued, requiring D. M. Moore and N. M. Moore to appear before the referee in bankruptcy to answer the petition and show cause why they should not surrender to the trustee the assets of the bankrupt estate alleged to be concealed and withheld. It appears that an answer was interposed, but it is not contained in the record. It, however, appears from recitals in the order subsequently made by the referee, that the respondents denied the allegations of the petition. Upon hearing, the referee found the issues in favor of the trustee, finding that both D. M. and N. M. Moore were guilty of concealing assets from the trustee in the amount and of the value of at least $50,000, and thereupon, under date November 13, 1934, entered an order re-

quiring the bankrupts to turn over to the trustee the sum of $50,000 within thirty days from the date of the order.

At about the same time as initiating proceedings against D. M. Moore and N. M. Moore, the trustee filed a petition alleging that Moses Sliman had collected large sums of money due the bankrupts and was unlawfully withholding the same from the trustee; that said Sliman had in his possession and subject to his control $4,-753.71, assets of the bankrupt estate. Attached to and made a part of this petition was an itemized list showing the various sums of money alleged to have been collected by Sliman. Notice thereupon issued, directing Sliman to appear before the referee and show cause why the prayer of the petition should not be granted. He filed his answer, in which he admitted that he collected certain items due D. M. Moore Grocery Company, but alleged that "said money, in whatever amounts, was checked in and delivered at the office of the D. M. Moore Grocery Company, whereupon the customers of the said D. M. Moore Grocery Company were given credit for said collections upon the books of account of said company." He denied that he had or retained in his possession any amount of such collections. He asserted no claim or property right in the funds so collected by him. This issue was tried out before the referee at the same time and as a part of the issue raised by the petition against the bankrupts, and the referee found that Sliman had not accounted for the $4,753.71 collected by him from the customers of the bankrupt, and that he had collected and concealed from the trustee the further sum of $129.54. The referee thereupon entered an order requiring Sliman to turn over to the trustee the sum of $4,753.71, plus $129.54, making a total of $4,883.25, within thirty days from the date of the order, November 13, 1934.

The bankrupts filed petition for review of the order entered against them, and Sliman likewise filed his petition for review of the order entered against him. The petitions were heard together, and the court modified the order entered against D. M. Moore and N. M. Moore, by reducing the amount ordered to be turned over to the sum of $38,500, and as so modified, affirmed the same. The order against Sliman was approved and affirmed. It is from this order that these appeals are prosecuted.

Each appeal was allowed by the lower court. Neither of the appellants have applied to or secured an order of this court allowing the appeal. Our jurisdiction to hear and determine these appeals on their merits is challenged by motion to dismiss them because leave to appeal was not secured from this court under section 24b of the Bankruptcy Act, as amended, 11 U.S. C.A. § 47 (b).

We shall first consider the appeal by the bankrupts. This appeal was taken from an order summarily directing the bankrupts to turn over $38,500 received by them, and alleged to be a part of the bankrupt estate. They made no adverse claim to the property alleged to be withheld by them, but simply denied that they were withholding any such property. The only persons interested in the proceeding were the bankrupts and the creditors of the bankrupt estate. We think it clear that this order was entered as a proceeding in bankruptcy. It had to do with matters of an administrative character and involved questions in which the bankrupts and their creditors alone were interested. It was, therefore, appealable only under section 24b of the Bankruptcy Act. Hunter v. Commerce Trust Co. (C.C.A.8) 55 F.(2d) 1; Taylor v. Voss, 271 U.S. 176, 46 S.Ct. 461, 70 L.Ed. 889; In re Goldman (C.C.A.1) 62 F.(2d) 421; In re Weinstock (C.C.A.2) 56 F.(2d) 829. The appeal of D. M. Moore and N. M. Moore is therefore dismissed.

It is earnestly contended that the appeal of Sliman involves a controversy arising in bankruptcy proceedings as distinguished from a proceeding in bankruptcy. The proceeding was a summary one, although Sliman was a third party. The court, in a summary proceeding, had jurisdiction at least to make a preliminary investigation of the facts and issues with a view of determining whether the court had jurisdiction to proceed in a summary manner to determine the issues. This depended upon whether there was a substantial and not merely a colorable adverse claim asserted. A reference to the answer of Sliman discloses that he asserted no adverse claim, substantial or colorable, to the property, but simply denied that he had such property or was withholding it from the trustee. The court therefore had jurisdiction to proceed summarily to a determination of this issue.

There was a controversy upon which testimony was taken both on behalf of the

trustee and on behalf of the respondent, but that controversy did not go to any claim of adverse right asserted by appellant. Appellant admitted having collected and received the items with which he was charged, but he claimed that he had accounted therefor prior to the adjudication in bankruptcy. We are inclined to the view that this issue did not reach the dignity of a controversy arising in bankruptcy proceedings, but being in some doubt on the matter following our procedure in Hunter v. Commerce Trust Co., 55 F.(2d) 1, we have examined the record and considered the contentions of appellant Sliman on the merits. It is first to be observed that the referee found from the evidence produced that Sliman was concealing funds belonging to the bankrupt estate. This finding of the referee was on petition for review approved by the lower court. It is therefore presumptively correct. It is observed that Sliman admitted having collected the items with which he was charged. The burden was therefore upon him to prove to the satisfaction of the referee and the trial judge that he had accounted for this property. In re Meier (C.C.A.8) 182 F. 799.

A review of the testimony would serve no useful purpose, and while we are authorized to review the evidence and direct the entry of such order or decree as the lower court ought to have made, giving proper weight to the findings on disputed issues of fact which should be accorded to a tribunal which heard the witnesses [Keller v. Potomac Electric Power Co., 261 U. S. 428, 43 S.Ct. 445, 67 L.Ed. 731; Mt. Vernon Refrigerating Co. v. Fred W. Wolf Co. (C.C.A.6) 188 F. 164; Presidio Min. Co. v. Overton (C.C.A.9) 270 F. 388; Swift v. Jackson (C.C.A.10) 37 F.(2d) 237; Laursen v. Lowe (C.C.A.6) 46 F.(2d) 303; Lewis v. Ingram (C.C.A.10) 57 F.(2d) 463; McCrea v. United States, 294 U.S. 382, 55 S.Ct. 443, 79 L.Ed. 933], yet, ordinarily, the findings of fact by a referee in bankruptcy approved by the trial judge will not be disturbed on appeal if there is substantial evidence to support them. Ràsmussen v. Gresly (C.C.A.8) 77 F.(2d) 252; Bachman v. McCluer (C.C.A.8) 63 F.(2d) 580; National Refining Co. v. Pennsylvania Pet. Co. (C.C.A.8) 66 F.(2d) 914; State Central Savings Bank v. Hemmy (C.C.A.8) 77 F. (2d) 458; Bassett v. Claude Neon Federal Co. (C.C.A.10) 65 F.(2d) 526; Alexander v. Theleman (C.C.A.10) 69 F.(2d) 610; Gross v. Tierney (C.C.A.4) 55 F.(2d) 578.

The referee had the advantage of observing the witnesses produced, and neither he nor the trial judge was satisfied that Sliman in fact accounted for or turned over the money which he admitted having received shortly before the adjudication in bankruptcy. His testimony on this question is far from convincing, and we cannot say that the findings of the referee, approved by the trial judge, are not supported by substantial evidence.

The order appealed from by appellant Sliman is therefore affirmed.