### In re YOUDELMAN-WALSH FOUNDRY CO.

(District Court, E. D. New York. January 26, 1909.)

1. BANKRUPTCY (§ 114*)—RIGHTS OF LANDLORD—POSSESSION OF RECEIVER.
   Where a receiver in bankruptcy is actually in possession of rented premises to preserve the estate during a certain number of days, he should pay pro rata rent, at the reasonable value for that time, as an expense of maintenance.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

2. BANKRUPTCY (§ 114*)—CLAIMS OF LANDLORD—TAXES—WATER RENTS.
   Where a landlord did not protect himself by taking from the tenant security for taxes and water rents, and the receiver of the tenant on taking possession did not become a tenant under a lease, the landlord's rights as against the estate, as regards unpaid taxes and water rents, must be established by proof before the referee as a general claim against the estate.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

Armstrong, Brown & Boland (Pierre M. Brown, of counsel), for petitioner.

McKeen, Brewster & Morgan, for receiver and trustee.

CHATFIELD, District Judge. The petition in bankruptcy was filed upon the 16th day of September, 1908, and a receiver appointed. The bankrupt had been in possession of the property for a portion of

---

a year under a lease by which the rent was payable in advance upon the 1st day of each month, and in addition the lease contained a proviso that the lessee, who is now the bankrupt, should pay all taxes and water rates accruing upon the property within 30 days after they became due. It appears that the receiver continued in possession until the 25th day of November, 1908, when a sale was had. The trustee has since given up the lease and surrendered the property, and the surrender has been accepted by the landlord. The taxes for the year 1908, payable, not in advance, but for the current year, became a lien on October 5, 1908, and hence during the occupation by the receiver. The water rates became due to the city on September 25, 1908, were not in advance, and were to be paid by the tenant by October 25th. The landlord has now made an application to have the receiver pay him the reasonable value of the use of the premises for the period of his occupation, and at the same time to pay the water rates and taxes which have accrued, amounting in the case of the water rates to $272.12, and taxes to $325.69.

The receiver contends that he is not liable for rent prior to the 1st of October, inasmuch as he insists that the landlord has a provable claim against the bankrupt estate for his rent for the month of September, and that the receiver is entitled to the benefit thereof for the portion of that month in which he was in possession of the premises. This contention seems to be justified by some authorities; but this court has held in a number of instances that if the receiver is actually in possession, for the purpose of preserving the estate, during a certain number of days, he should pay, as part of the expenses of maintaining the estate, the pro rata rent, at a reasonable value, for that time, and in the same way this court has held in a number of instances that the receiver is entitled to the benefit of being compelled to pay only a reasonable value for the property, if the rental value happens to be greater because of some contract liability which will result in a claim against the estate in the hands of the trustee, or against the bankrupt himself, if he should subsequently continue with the lease.

In the present instance, therefore, the matter may be referred to a special commissioner, if necessary, to determine the reasonable rental value of the premises for the number of days during which the receiver was occupying the property; but the item of water rates and taxes must be adjusted as between the trustee and the landlord, although the equities of the situation would appeal strongly in the landlord's favor, if any possible basis for allowance of a claim, for the benefit obtained by the estate prior to the bankruptcy, could be ascertained. If the landlord had exacted security for such a large item, in addition to the customary rent, he could avail himself of the security; but inasmuch as he did not protect himself, and inasmuch as the receiver did not thereby become a tenant under the lease, the question of what claim the landlord may have against the estate must be left for proof before the referee as the facts may then appear.