## In re PLYMOUTH RUBBER CO.

### Petition of RICHARDSON et al.

(Circuit Court of Appeals, First Circuit. May 13, 1924.)

### No. 1713.

Bankruptcy ⬤⇒477—Fees of appraisers allowable by referee only after notice to creditors.

A referee is without authority to allow fees of appraisers of property of the estate without notice to creditors. trustees being required by Bankruptcy Act. § 62 (Comp. St. § 9646), to report in detail all expenses of administration, and creditors being entitled, under section 58 (Comp. St. § 9642), to notice of the filing of their accounts.

Petition to Revise in Matter of Law the Proceedings of the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of the Plymouth Rubber Company, bankrupt. On petition of Carl H. Richardson and others to revise order of District Court. Petition dismissed.

Joseph B. Jacobs, of Boston, Mass. (Carl H. Richardson and Jacobs & Jacobs, all of Boston, Mass., on the brief), for petitioners.

A. K. Cohen, of Boston, Mass. (Max E. Bernkopf, of Boston, Mass., on the brief), for respondents.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. By this petition to revise in matter of law, the petitioners, who were the appraisers of the bankrupt estate of the Plymouth Rubber Company, ask us to hold that the District Court was, as matter of law, wrong in deciding that a valid order had not been made by the referee awarding $2,000 each to the petitioners for their services as appraisers. The material facts are as follows:

On December 29, 1921, the appraisers wrote to the referee, describing their services, and expressing the view that they were entitled to $7,500. On January 23, 1922, the referee indorsed upon their letter:

"Approved in the sum of $2.000 for each appraiser.

"Emery B. Gibbs, Referee."

On January 24, 1922, the referee wrote to the trustees of the bankrupt estate, inclosing a copy of this letter of the appraisers for the trustees' information, and saying, inter alia:

"The trustees are in charge of the administration of the estate and all bills should be rendered to them. It is not clear to me just what authority I may have as referee in fixing the fees of the appraisers at this stage of the administration. However, as I have been requested by the appraisers to express an opinion in the present instance, I am doing so herewith."

Then follows a description and commendation of the work of the appraisers. The letter concludes:

"I forward to you copies of statements of the appraisers which I approve in the sum of $2.000 for each appraiser, and am prepared to countersign a check for that amount."

The next day one of the trustees wrote to Referee Gibbs that he was sending a copy of his letter to the attorney of the purchasers of the bankrupt estate, who had undertaken, under the terms of their purchase, to pay the expenses of administration, and had the right to oppose claims in the name of the trustees; that he, the trustee, was informed that the purchasers would oppose so large a payment to the appraisers; and he therefore suggested that the proper course would be for the trustees to file with the referee a report and petition for instructions, on which, after due hearing, an order by the referee could be made, and a certificate then made to the judge. Two days later all the trustees wrote the referee to the same general effect.

On February 1, 1922, counsel for the purchasers wrote, asking for a formal hearing, as the purchasers objected to the proposed allowance. Mr. Gibbs died a few days later, without taking any further

action. His untimely death is the real source of this controversy. Given life and health, there is no ground to believe that he would not have taken all necessary and proper steps to protect the legal rights of all the parties in interest.

Somewhat later the trustees filed with the referee a petition seeking a determination of the amount due the appraisers. This petition was dismissed by the succeeding referee, on the ground that his predecessor had already determined the matter. But the District Court reversed the referee, and held the matter still open for consideration. Thereupon the appraisers brought this petition to revise.

The District Court was right. We think it plain that Referee Gibbs did not undertake to make an order. His letter to the trustees cannot fairly be construed as an order. He had no petition before him—only a letter from the appraisers; he expressed doubt as to his power; in effect, he said he was only expressing an extrajudicial opinion.

But, of more importance, no referee has power, without notice to creditors, thus to allow expenses against a bankrupt estate, which estate, in the ordinary case, belongs to the creditors, after paying the expenses of administration. Section 62 of the Bankruptcy Act (Comp. St. § 9646) provides:

"The actual and necessary expenses incurred by officers in the administration of estates shall, except where other provisions are made for their payment, be reported in detail, under oath, and examined and approved or disapproved by the court. If approved, they shall be paid or allowed out of the estates in which they were incurred."

Section 58 (Comp. St. § 9642) provides:

"*Notice to Creditors.*—a. Creditors shall have at least ten days' notice by mail * * * of * * * (6) the filing of the final accounts of the trustee, and the time when and the place where they will be examined and passed upon."

Here are express provisions declaratory of the fundamental and familiar principle that the beneficial owners of an estate are entitled to be heard as to the expenses of administration chargeable against that estate. Of course, in the ordinary case, trustees run no practical risk in paying, before the filing and allowance of their final account, expenses which in nature and amount are plainly indisputable. But when, as in this case, large expenses are in question, no tribunal should undertake to determine the amount of such fees without notice to the creditors and to any other parties in interest. In this case it happened that the purchasers were, as to such expenses, in the shoes of the creditors, and of course had a right to a full hearing. Compare Watkins v. Sedberry, 261 U. S. 571, 43 Sup. Ct. 411, 67 L. Ed. 802.

The petition is dismissed, with costs.