## BRODERS v. LAGE.

Circuit Court of Appeals, Eighth Circuit.
March 1, 1928.

No. 7895.

1. **Bankruptcy** ⟷440(2)—"Proceeding in bankruptcy" includes questions arising between bankrupt and creditors from petition to discharge.

The phrase "proceeding in bankruptcy" includes questions arising between the alleged bankrupt and his creditors, commencing with the petition for adjudication and ending with the discharge, and also includes the intermediate administrative steps, such as the election of trustee, allowance of claims, fixing of priorities, and proceedings relating to exemptions, sales, allowances, and other like matters which courts of bankruptcy dispose of in a summary way.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceedings.]

2. **Bankruptcy** ⟷461—Order sustaining demurrer to specification of objections to discharge is reviewable by appeal to be allowed by appellate court (Bankr. Act, § 24b, as amended by Act May 27, 1926 [11 USCA § 47]).

An order sustaining demurrer to specification of objections to discharge is in a proceeding in bankruptcy and reviewable by appeal under Bankruptcy Act, § 24b, as amended by Act May 27, 1926 (11 USCA § 47), and not under section 25 (11 USCA § 48), which appeal must be allowed by the appellate court.

**3. Bankruptcy ⊜461—Application for appeal from order in proceeding in bankruptcy must be made to appellate court within 30 days (Bankr. Act, § 24 b, c, as amended by Act May 27, 1926 [11 USCA § 47]).**

Application for appeal from an order made in bankruptcy proceeding must be made to the appellate court, within 30 days under Bankruptcy Act, § 24c, as amended by Act May 27, 1926 (11 USCA § 47).

**4. Appeal and error ⊜356—Statute limiting time for appeal is mandatory and jurisdictional.**

A statute limiting the time within which an appeal may be prosecuted is mandatory and jurisdictional.

Appeal from the District Court of the United States for the Northern District of Iowa; George C. Scott, Judge.

In Bankruptcy. In the matter of Alma M. S. Lage, bankrupt. Appeal by E. F. Broders from an order of the District Court. Appeal dismissed.

For opinion below, see 19 F.(2d) 153.

Maurice F. Donegan, of Davenport, Iowa (C. O. Boling, of Tipton, Iowa, on the brief), for appellant.

C. J. Lynch, of Cedar Rapids, Iowa (Johnson, Donnelly & Lynch, of Cedar Rapids, Iowa, on the brief), for appellee.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an appeal from an order in a proceeding in bankruptcy sustaining a demurrer to the specifications of objections filed by Broders, the trustee and a creditor, to the application of the bankrupt for an order of discharge.

[1] The phrase "proceeding in bankruptcy" includes questions arising between the alleged bankrupt and his creditors, commencing with the petition for adjudication, and ending with the discharge, and also includes the intermediate administrative steps, such as the election of trustee, allowance of claims, fixing of priorities, and proceedings relating to exemptions, sales, allowances, and other like matters, which courts of bankruptcy dispose of in a summary way. Taylor v. Voss, 271 U. S. 176, 181, 46 S. Ct. 461, 70 L. Ed. 889; In re Friend (C. C. A. 7) 134 F. 778; Thompson v. Mauzy (C. C. A. 4) 174 F. 611; Thomas v. Woods (C. C. A. 8) 173 F. 585, 588, 26 L. R. A. (N. S.) 1180, 19 Ann. Cas. 1080.

[2] The order appealed from, therefore, was entered in a proceeding in bankruptcy. It was not a judgment granting or denying a discharge, and it is therefore reviewable by

an appeal under section 24b (11 USCA § 47) and not under section 25, of the Bankruptcy Act (11 USCA § 48). Lindeke v. Converse (C. C. A. 8) 198 F. 618, 622, 623. In the case last cited, certain creditors of Julia D. Converse, the bankrupt, filed a motion to dismiss her application for discharge for want of prosecution. The trial court denied the motion, and the objecting creditors brought the question before the Circuit Court of Appeals by petition to revise. The court, in the opinion, said:

"The motion of the creditors was in reality an application to the court below to refuse the bankrupt a discharge on account of her lack of prosecution of her application for it. If that court had granted the motion, it would thereby have finally denied her application for her discharge. * * * The question to be decided was a question of law, reviewable by appeal under section 25a of the Bankruptcy Law if decided against the bankrupt and by petition to revise under section 24b of that law if decided against the creditors."

[3] Subsections (b) and (c) of section 24 of the Bankruptcy Act, as amended by the Act of May 27, 1926, 44 Stats. 664, USCA tit. 11, § 47, reads as follows:

"(b) The several Circuit Courts of Appeal and the Court of Appeals of the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law * * * the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 to be allowed in the discretion of the appellate court.

"(c) All appeals under this section shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered."

The clause, "to be allowed in the discretion of the appellate court," applies to appeals under section 24b, and not to appeals under section 25. Rutherford v. Elliott (C. C. A.) 18 F.(2d) 956.

The order sustaining this demurrer was entered by the trial court April 12, 1927. On May 10, 1927, the trustee filed in the court below his petition for an appeal from such order. On May 12, 1927, the trial judge entered an order granting such appeal. The transcript was not filed in the office of the clerk of this court until July 8, 1927, and no application for the allowance of an appeal from the order complained of has ever

been made to this court, and no such appeal has been allowed by this court.

It will be observed that section 24b provides for a review by appeal of all orders, both interlocutory and final, entered in proceedings in bankruptcy. The absolute right to prosecute such an appeal would open the door to innumerable appeals from summary orders entered in bankruptcy proceedings which might greatly impede the due and proper administration of the estates of bankrupts. We think Congress sensed this danger, and for that reason wrote into the act the language "by appeal * * * to be allowed in the discretion of the appellate court," and thereby intended to provide that a party desiring to prosecute an appeal from such an order must make proper application to the appellate court for an order allowing such appeal, and that the appellate court upon the consideration of such application in the exercise of its discretion may either grant or deny the application. The authors of Collier on Bankruptcy in the note to section 24, as amended at page 159 of the 1927 Supplement, say:

"The scope of this amendment, as explained by Senator Walsh who suggested it, is stated by him as follows:

"'It would be intolerable, however, to allow an appeal from every order which might be made in bankruptcy proceedings, and consequently the bill was modified so as to provide that except in the cases mentioned in section 25, the appellate court should exercise a discretion as to whether an appeal should be allowed or not. Accordingly, the plain meaning of the law as amended is that in the cases mentioned in section 25 the right to appeal is absolute, and no leave need be taken. In all other cases, as prescribed in subdivision (b) of section 9 (24b of the Bankruptcy Act) the party desiring to have an order reviewed must go to the appellate court and ask leave to prosecute an appeal.'"

Subsection (c) provides that such appeal shall be taken within thirty days after the entry of the order complained of, and it follows that the application for an appeal under subsection (b) must be filed in the appellate court within thirty days from the entry of the order sought to be reviewed.

[4] A statute limiting the time within which an appeal may be prosecuted is mandatory and jurisdictional. Vaughan v. American Insurance Co. of Newark, N. J. (C. C. A. 5) 15 F.(2d) 526, 527; Kiehn v. Dodge County (C. C. A. 8) 19 F.(2d) 503, 504; Collins v. U. S., 24 F.(2d) 823 (opinion filed February 27, 1928); In re Holmes (C. C. A.

8) 142 F. 391, 394; In re Thomlinson Co. (C. C. A. 8) 154 F. 834.

No application for the allowance of an appeal having been made to this court within the statutory period, this court is without jurisdiction to enter into a consideration of the merits, and must dismiss the appeal. It is so ordered.