## STANLEY'S INCORPORATED STORE NO. 3 v. EARL.*

Circuit Court of Appeals, Eighth Circuit.
March 30, 1928.

No. 7976.

Bankruptcy ⬥461—Allowance by appellate court is necessary for appeal from order of court affirming order of referee in bankruptcy refusing to appoint trustee (Bankr. Act, § 25, and §§ 24b, 24c, as amended by Act May 27, 1926, § 9 [11 USCA §§ 47(b), (c), 48]).

Appeal from order of District Court affirming order of referee in bankruptcy refusing to appoint a trustee, not being within any of the three provisions of Bankruptcy Act, § 25 (11 USCA § 48), providing for appeals, but being an appeal from an order entered in a proceeding in bankruptcy, must, under sections 24b, 24c, as amended by Act May 27, 1926, § 9 (11 USCA § 47(b), (c), be on petition filed within 30 days,

*Rehearing denied June 7, 1928.

and allowed by the appellate court; so that, it being allowed only by the District Judge, the Circuit Court of Appeals has no jurisdiction to consider the merits, and appeal must be dismissed.

Appeal from the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

In the matter of H. R. Earl, bankrupt, the referee in bankruptcy refused to appoint a trustee. From an order of the District Court, affirming such order, Stanley's Incorporated Store No. 3, one of the creditors, appeals. Appeal dismissed.

M. E. Culhane, of Brookings, S. D., for appellant.

Emanuel Sgutt, of Fargo, N. D., for appellee.

Before LEWIS and KENYON, Circuit Judges, and KENNEDY, District Judge.

KENYON, Circuit Judge. In the bankruptcy matter of H. R. Earl, the referee in bankruptcy at the first meeting of creditors made an order refusing to appoint a trustee. This order was affirmed by the District Court, and appellant, one of the creditors, filed petition in the District Court for an appeal to this court from said order, which was duly allowed. Appellant in its reply brief here states that the appeal is perfected under section 24 of the Bankruptcy Law as amended by section 9 of the Act of May 27, 1926 (11 USCA § 47). This act as amended stands as follows:

"(b) The several Circuit Courts of Appeal and the Court of Appeals of the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 25) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 to be allowed in the discretion of the appellate court.

"(c) All appeals under this section shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered."

44 Stat. 664.

That there should be a comma between the number "25" and the word "to" in line 9 of subdivision (b) is apparent. Rutherford v. Elliott (C. C. A.) 18 F.(2d) 956. That, however, is not important in the situation here presented, as the refusal to appoint a trustee

could not come under any of the three provisions in section 25 of the Bankruptcy Act (11 USCA § 48) providing for appeals. The order in question here was one entered in a proceeding in bankruptcy. Taylor, Trustee, et al. v. Voss, Trustee, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889. An appeal taken therefrom must under subdivisions (b) and (c) of section 24 of the Bankruptcy Act as amended, 11 USCA § 47(b), (c) be allowed by this court, and must be taken within thirty days after entering of the order. The order of the District Court appealed from was entered September 8, 1927. September 22, 1927, the petition for appeal from such order was filed in the District Court and on the same day allowed by that court. No application for allowance of an appeal has been made to this court, and no order has been made by this court permitting such appeal. It is apparent therefore that there is no jurisdiction in this court to consider the merits and that the appeal must be dismissed. Very recently, viz. March 1, 1928, an opinion was filed in this court (E. F. Broders v. Alma M. S. Lage, Bankrupt, 25 F.(2d) 288) where the same question of jurisdiction is discussed, and the same conclusion reached. This appeal should be dismissed; and it is so ordered.

Dismissed.