## AHLSTROM v. FERGUSON (two cases).

Circuit Court of Appeals, First Circuit.
November 27, 1928.

Nos. 2278, 2279.

Mark M. Horblit and Robert Harpel, both of Boston, Mass. (Jacob Wasserman and Horblit & Wasserman, all of Boston, Mass., on the brief), for appellant.

Reuben Hall, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. ■ The first question in this case is raised by the appellee's motion to dismiss these two appeals, on the ground that the matters involved are proceedings in bankruptcy, as distinguished from controversies arising in bankruptcy proceedings; that, such being the situation, the appeals were required to be perfected under section 24b, as amended May 27, 1926 (11 USCA § 47(b), which requires appeals in such matters to be on application to this court, and allowed in the discretion of the court, the application for allowance to be made "within 30 days after the judgment, or order, or other matter complained of has been rendered or entered." The order complained of in No. 2278 was rendered May 11, 1928, adjudging the appellant in contempt of court for disobedience of the referee's order to turn over a certain book of the bankrupt's and ordering him committed until further order of the court, but which was not formally entered until July 27, 1928, when this was done as of May 11, 1928. The order complained of in No. 2279 was entered June 19, 1928, sustaining appellee's objections to appellant's præcipe in his appeal No. 2278. Application was made in both matters to the District Court for leave to appeal, appeals were perfected in compliance with the usual requirements in equity matters, and the transcripts of record in the two cases were filed and entered in this court August 16, 1928, but no application calling upon us to exercise our discretion and allow either appeal has been presented to or allowed by this court.

Proceedings to punish for contempt in failing to obey an order of the bankruptcy court to turn over the bankrupt's books or assets have consistently been held to be proceedings in bankruptcy within the meaning of that term as used in section 24b of the Bankruptcy Act. United States v. Moore

(C. C. A.) 294 F. 852; Kirsner v. Taliaferro (C. C. A.) 202 F. 51; Freed v. Central Trust Co. (C. C. A.) 215 F. 873. And since the amendment of section 24b by the Act of May 27, 1926, the review of such matters in this court is by appeal, but the appeal is to be allowed only in the discretion of this court, application to which must be made within 30 days after the order complained of has been "rendered or entered." Section 24c. See, also, Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889; White v. Barnard et al. (C. C. A.) 29 F.(2d) 510, decided by this court November, 1928.

■ It is contended by the appellant that inasmuch as the records filed in this court each contain a copy of a petition which was presented to the District Court, requesting that court to allow the appeals (which the District Court allowed and caused citations to issue), and also requesting that transcripts of the evidence, records, proceedings, etc., in each case "be sent to the United States Circuit Court of Appeals for the First Circuit," that such petitions presented to and acted upon by the District Court should be treated as applications to this court for leave to appeal and as presented for allowance on the day upon which the records were filed in this court; and as a part of its contention it says that the records were filed here within 30 days from the date of the respective orders from which appeals are sought.

Assuming, but not deciding, that under the circumstances here presented the respective transcripts of record were filed in this court within 30 days from the date of the orders complained of, we are of the opinion that the appeal petitions contained in the records and presented to and allowed by the District Court are not to be taken as applications to this court for leave to appeal under section 24b, and that the mere filing of the record in the respective cases did not so operate; and as no application in either case has at any time been made to this court for leave to appeal as required by section 24b of the Bankruptcy Act, as amended May 27, 1926, the motion to dismiss must be granted. See Stanley's Incorporated Store No. 3 v. Earl (C. C. A.) 25 F.(2d) 458; Broders v. Lage (C. C. A.) 25 F.(2d) 288; Raich v. Olson (C. C. A.) 25 F.(2d) 865; Rutherford v. Elliott (C. C. A.) 18 F.(2d) 956; Deeley v. Cincinnati Art Pub. Co. (C. C. A.) 23 F.(2d) 920; Collins v. United States (C. C. A.) 24 F.(2d) 823.

It is ordered that the appeals in 2278 and 2279 be dismissed for want of jurisdiction; no costs.