## GATE CITY CLAY CO. v. DICKEY.
### No. 8706.

Circuit Court of Appeals, Eighth Circuit.
March 5, 1930.

T. S. Salathiel, of Independence, Kan., for appellant.

Frank P. Barker, of Kansas City, Mo. (Maurice H. Winger, Harry G. Stocks, and Winger, Reeder, Barker, Gumbiner & Hazard, all of Kansas City, Mo., on the brief), for appellee.

Before STONE and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from an order of the District Court affirming an order of the referee in bankruptcy, which determined the amount to be paid by the bankrupt estate, to the appellant, as rental for the use and occupation by the receiver and trustee in bankruptcy of certain premises theretofore held by the bankrupt as lessee under the appellant.

The facts are substantially as follows: The bankrupt, the United Clay Products Corporation, took a written lease of the premises from appellant March 27, 1926. The rental was payable annually at the end of each year, and varied from year to year. The bankrupt took possession and occupied the premises until January 4, 1928, when the receiver appointed in the bankruptcy proceedings took possession. He and the trustee in bankruptcy remained in possession until June 6, 1928. June 5, 1928, the appellant intervened in the bankruptcy proceedings, and in its petition asked the court to direct the trustee either to assume or reject the lease, and that a reasonable rental be paid for the occupation from January 4, to June 5, 1928. A hearing was had; the trustee made a showing that assumption of the lease would be burdensome to the bankrupt estate; and the court directed the trustee to surrender the premises. This took place the following day. By a subsequent order the court fixed the reasonable rental to be paid by the bankrupt estate for the use and occupation by the receiver and the trustee during the period named in the petition. From this last order the present appeal is taken, the appellant claiming that the amount fixed by the court was much smaller than was justified by the evidence.

The appellee has moved to dismiss the appeal, on the ground that this court is without jurisdiction. The point raised is that the appeal was one which required an allowance by this court, and that no allowance was obtained.

The relevant statutory provisions are as follows:

11 USCA § 47: "(a) * * * The circuit courts of appeal of the United States * * * in vacation, in chambers and during their respective terms, are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases.

"(b) The several circuit courts of appeal * * * shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 48 of this title) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 48 of this title to be allowed in the discretion of the appellate court.

"(c) All appeals under this section shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered."

11 USCA § 48: "(a) Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeal of the United States * * * in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) From a judgment granting or denying a discharge; and (3) From a judgment allowing or rejecting a debt or claim of $500 or over. Such appeal shall be taken within thirty days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

It is plain from these provisions that section 47(a) governs appeals covering "controversies arising in bankruptcy proceedings," and that such appeals are not required to be allowed by the appellate court. It is also apparent that section 47(b) governs appeals covering "proceedings in bankruptcy," and that such appeals require an allowance by the appellate court, except in the cases mentioned in section 48.

Before the amendment of 1926 (44 Stat. 664, 665) proceedings in bankruptcy, except those mentioned in section 48, were brought up for review by petition to revise; while those mentioned in section 48 were brought up by appeal. Now all are brought up by appeal.

It is the contention of the appellant that the subject-matter of the present appeal is included under section 48, in the third class, and that therefore the appeal required no allowance by this court.

We think this contention cannot be sustained. The claim in the present proceeding was not of the character of those mentioned in 11 USCA § 48(a)(3). The claims there mentioned are claims against the bankrupt or his estate which had their existence prior to the bankruptcy proceedings. The present claim is not of that character. It had no existence prior to the bankruptcy proceedings. It was not a claim for damages against the bankrupt or its estate for breach of contract. It was a claim for use and occupation which arose when the receiver in bankruptcy took possession. It was a claim of the character of costs or expenses of administration, and as such was allowable under 11 USCA § 102. Remington on Bankruptcy (3d Ed.) § 2657; Watkins v. Sedberry, 261 U. S. 571, 575, 43 S. Ct. 411, 67 L. Ed. 802; In re Youdelman-Walsh Foundry Co. (D. C.) 166 F. 381; In re Abrams (D. C.) 200 F. 1005; Louisville, etc., Mills v. Tapp (C. C. A.) 239 F. 463; Gardner v. Gleason (C. C. A.) 259 F. 755; In re Erlich (D. C.) 297 F. 327, 329; In re Plymouth Rubber Co. (C. C. A.) 298 F. 598; In re Chakos (C. C. A.) 24 F.(2d) 482, 486.

The determination and allowance of such claims are proceedings in bankruptcy; as such they were reviewable prior to the amendment of 1926 by petition to revise only. W. J. Davidson & Co. v. Friedman (C. C. A.) 140 F. 853; O'Brien v. Ely (C. C. A.) 195 F. 64; Kinkead v. J. Bacon & Sons (C. C. A.) 230 F. 362; In re Pierce, Butler & Pierce Mfg. Co. (C. C. A.) 246 F. 814; Yaryan, etc., Co. v. Isaac (C. C. A.) 270 F. 710; Scovell, etc., Co. v. Brickley (C. C. A.) 289 F. 71.

At present, such claims are reviewable by appeal, but their intrinsic character remains the same. Their determination and allowance are still proceedings in bankruptcy; and appeals covering such proceedings require an allowance by this court. The obtaining from this court an allowance of an appeal under 11 USCA § 47(b) is a jurisdictional matter. Stanley's Incorp. Store v.

Earl, 25 F.(2d) 458 (C. C. A. 8); Raich v. Olson, 25 F.(2d) 865 (C. C. A. 8); Broders v. Lage, 25 F.(2d) 288 (C. C. A. 8); Clements v. Conyers (C. C. A.) 31 F.(2d) 563; American St. Bank v. Ullrich, 28 F.(2d) 753 (C. C. A. 8); Ahlstrom v. Ferguson (C. C. A.) 29 F.(2d) 515; Shoreland Co. v. Conklin (C. C. A.) 30 F.(2d) 489. See Quinn v. Gardner, 28 F.(2d) 270 (C. C. A. 8).

No such allowance of the appeal having been obtained in the present proceedings, our conclusion is that this court has no jurisdiction.

The appeal is accordingly dismissed.