## QUARLES v. DENNISON.

### No. 290.

Circuit Court of Appeals, Tenth Circuit.
Dec. 2, 1930.

H. R. Duncan, of Tulsa, Okl. (L. M. Poe, E. J. Lundy, and R. E. Morgan, all of Tulsa, Okl., on the brief), for appellant.

Chas. B. Wilson, Jr., of Pawhuska, Okl., amicus curiæ.

Roy St. Lewis, U. S. Atty., and Wm. Earl Wiles, Asst. U. S. Atty., both of Oklahoma City, Okl., for the United States.

T. J. Leahy, of Pawhuska, Okl., and Louis N. Stivers, of Tulsa, Okl. (T. J. Sargent and I. D. Ross, both of Newkirk, Okl., J. H. Maxey, of Tulsa, Okl., C. S. Macdonald, of Pawhuska, Okl., Chas. A. Holden, of Tulsa, Okl., and F. W. Files, of Pawhuska, Okl., on the brief), for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

Bert Dennison was duly adjudged a bankrupt on his voluntary petition. J. J. Quarles, Jr., is the trustee of the estate of such bankrupt. The bankrupt is an Osage allottee of less than half blood. He was granted a certificate of competency by the Secretary of the Interior on January 14, 1920.

Under the provisions of the Act of June 28, 1906 (34 Stat. 539), and certain Acts

amendatory thereto, the oil, gas, coal and other minerals in the lands of the Osage tribe of Indians, and funds derived therefrom, and from other sources, are held by the United States in trust for such tribe. Section 4 of such Act provides that the balance of such funds after certain deductions for expenses and other purposes have been made, shall be placed in the treasury of the United States to the credit of the individual members of the Osage tribe and distributed to such individual members from time to time, as provided in such Acts. The right of an individual member to participate in the distribution of such funds is commonly called an Osage "headright."

On October 30, 1929, the trustee filed a report with the referee in which he stated that the bankrupt was the owner of an Osage headright; that it was of the value of $25,000; and that it was not exempt property of the bankrupt but was an asset of the bankrupt estate subject to administration. On November 7, 1929, the bankrupt filed exceptions to this report, claiming that such headright was exempt. On December 12, 1929, the referee in bankruptcy entered an order in which he found that such headright was not an asset in the hands of the trustee subject to administration, and ordered that the same be surrendered to the bankrupt as exempt property.

On March 1, 1930, on petition to review, the district court held that the headright was exempt property and not subject to administration by the trustee in bankruptcy, and approved and confirmed the order of the referee. On March 12, 1930, the district court allowed an appeal from that order to this court. No appeal therefrom has ever been allowed by this court.

In Broders v. Lage (C. C. A. 8) 25 F. (2d) 288, 289, the court said:

"The phrase 'proceeding in bankruptcy' includes questions arising between the alleged bankrupt and his creditors, commencing with the petition for adjudication, and ending with the discharge, and also includes the intermediate administrative steps, such as the election of trustee, allowance of claims, fixing of priorities, and proceedings relating to exemptions, sales, allowances, and other like matters, which courts of bankruptcy dispose of in a summary way."

The order in this case was clearly made in a "proceeding in bankruptcy." It involved a controversy between the bankrupt and the trustee as to whether certain property of the bankrupt was subject to administration in bankruptcy. The parties submitted the matter to the summary jurisdiction of the bankruptcy court, first to the referee and then to the district court on petition to review. The order of the district court, having been entered in a "proceeding in bankruptcy," is reviewable only by appeal allowed by this court, under the provisions of Sec. 24(b) of the Bankruptcy Act (sec. 47, title 11, US CA). Ahlstrom v. Ferguson (C. C. A. 1) 29 F.(2d) 515; Deeley v. Cincinnati Art. Pub. Co. (C. C. A.) 23 F.(2d) 920; Champin Refining Co. v. Bailey (C. C. A. 10) 36 F.(2d) 655; Broders v. Lage, supra. The time within which this court could have allowed the appeal has long since expired.

It follows then that this court has no jurisdiction to consider this case on the merits. The appeal is dismissed.