## MASON v. HARDY–GRIFFIN–SHEFF.
### No. 324.

Circuit Court of Appeals, Tenth Circuit.

Dec. 2, 1930.

H. R. Duncan, of Tulsa, Okl. (Sam K. Sullivan and Neal A. Sullivan, both of Newkirk, Okl., and L. M. Poe, E. J. Lundy, and R. E. Morgan, all of Tulsa, Okl., on the brief), for appellant.

T. J. Leahy and Louis N. Stivers, both of Pawhuska, Okl. (C. S. Macdonald, of Pawhuska, Okl., Jas. H. Maxey, of Tulsa, Okl., F. W. Files, of Pawhuska, Okl., and J. H. Hill, of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

Goldie Julia Hardy-Griffin-Sheff, now Purvis, was duly adjudged a bankrupt on her voluntary petition. P. S. Mason is the trustee of the estate of such bankrupt.

The bankrupt is an Osage allottee of less than half blood to whom a certificate of competency had been granted by the Secretary of the Interior prior to the incurring of a part of the indebtedness listed by such bankrupt in her schedules in bankruptcy. At the time of the adjudication in bankruptcy, she was the owner of an Osage "headright" and 3/20 of another such "headright" inherited from her mother. For definition of "headright" see Quarles v. Dennison (C. C. A.) 45 F.(2d) 585.

The trustee filed a report with the referee in bankruptcy in which he stated that the bankrupt's interest in such headrights and the quarterly annuity payments to be derived therefrom were assets of the bankrupt subject to administration. The bankrupt excepted to such report on the ground that her interests in such headrights and quarterly payments were exempt property and not subject to administration. On April 29, 1930, the referee entered an order in which he held that such interests of the bankrupt were exempt property and not subject to administration in bankruptcy, and directed that the same be set apart to the bankrupt.

On petition to review, the district court, on May 20, 1930, entered an order approving and confirming the order of the referee. On June 13, 1930, the district court allowed an appeal from that order to this court. No appeal has ever been allowed by this court and the time within which such appeal could be allowed by this court has long since expired. As such order is reviewable only by an appeal allowed by this court under section 24b of the Bankruptcy Act (section 47, title 11, USCA), this court is without jurisdiction to consider this cause on the merits. Quarles v. Dennison (C. C. A. 10) 45 F.(2d) 585.

The appeal is therefore dismissed.