## SCHNURR v. MILLER et al.

### In re MILLER.

### No. 8909.

Circuit Court of Appeals, Eighth Circuit.

April 2, 1931.

E. P. Donohue, of New Hampton, Iowa (M. E. Geiser and Geiser & Donohue, all of New Hampton, Iowa, on the brief), for appellant.

M. F. Condon, of New Hampton, Iowa (W. A. Smith, of Dubuque, Iowa, on the brief), for appellee.

Before KENYON and VAN VALKEN-BURGH, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

The referee in Bankruptcy of the Northern district of Iowa, Eastern division, on February 13, 1930, entered an order in the matter of Matthew V. Miller, bankrupt, denying the bankrupt's claim for certain personal property as being exempt to a resident head of a family under the statutes of Iowa. The matter was taken before the District Court on a petition for review, where the action of the referee was reversed, with directions to permit the bankrupt to amend his schedules by claiming his exemptions. The trustee has brought the case here by appeal allowed by the District Court.

 The troublesome question as to the proper method of perfecting an appeal in a bankruptcy matter is here presented. No motion to dismiss has been tendered, but this court is without jurisdiction to consider the merits unless the statutory method of appeal has been observed. If the appeal should have been allowed by the appellate court, and not by the trial court, then there is a lack of authority to review the case. Gate City Clay Co. v. Dickey (C. C. A. 8) 39 F.(2d) 581, 582; Stanley's Incorporated Store No. 3. v. Earl (C. C. A. 8) 25 F.(2d) 458; Raich v. Olson (C. C. A. 8) 25 F.(2d) 865; Quarles v. Dennison (C. C. A. 10) 45 F.(2d) 585.

The question suggested is whether the case is a controversy arising in a bankruptcy proceeding and reviewable under the general appellate authority provided in USCA title 11, § 47 (a), as amended May 27, 1926, or whether the case is one arising in a proceeding in bankruptcy and reviewable by an appeal "allowed in the discretion of the appellate court," as provided in paragraph (b) of the above statute.

The pertinent statutes are:

USCA title 11, § 47:

"(a) * * * The circuit courts of appeal of the United States * * * in vacation, in chambers and during their respective terms, are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases.

"(b) The several circuit courts of appeal * * .* shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 48 of this title) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 48 of this title to be allowed in the discretion of the appellate court."

USCA title 11, § 48:

"(a) Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of Appeal of the United States * * * in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) From a judgment granting or denying a discharge; and (3) From a judgment allowing or rejecting a debt or claim of $500 or over. Such appeal shall be taken within thirty days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

The situation was summarized by this court in Gate City Clay Co. v. Dickey, supra, where it was said:

"It is plain from these provisions that section 47 (a) governs appeals covering 'controversies arising in bankruptcy proceedings,' and that such appeals are not required to be allowed by the appellate court. It is also apparent that section 47 (b) governs appeals covering 'proceedings in bankruptcy,' and that such appeals require an allowance by the appellate court, except in the cases mentioned in section 48.

"Before the amendment of 1926 (44 Stat. 664, 665) proceedings in bankruptcy, except those mentioned in section 48, were brought up for review by petition to revise; while those mentioned in section 48 were brought up by appeal. Now all are brought up by appeal."

The distinction between "controversies arising in bankruptcy proceedings" and "proceedings in bankruptcy" has often been stated in the decisions. Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889; Deeley v. Cincinnati Art Publishing Co. (C. C. A. 6) 23 F.(2d) 920; Champlin Refining Co. v. Bailey et al. (C. C. A. 10) 36 F.(2d) 655; Ahlstrom v. Ferguson (C. C. A. 1) 29

F.(2d) 515; Foster v. McMasters (C. C. A. 8) 15 F.(2d) 751; Broders v. Lage (C. C. A.) 25 F.(2d) 288, 289. In the last-mentioned case this court said: "The phrase 'proceeding in bankruptcy' includes questions arising between the alleged bankrupt and his creditors, commencing with the petition for adjudication, and ending with the discharge, and also includes the intermediate administrative steps, such as the election of trustee, allowance of claims, fixing of priorities, and proceedings relating to exemptions, sales, allowances, and other like matters, which courts of bankruptcy dispose of in a summary way."

The matter involved in the case before us is the question of the allowance or rejection of the bankrupt's demand to have certain property set aside to him as exempt under the statute of the state of Iowa. The setting apart to the bankrupt of property that is exempt under the local law is a usual proceeding in a bankruptcy case, and is disposed of in a summary manner. It is well understood that the act was designed and intended to effect the administration of estates of bankrupts with all reasonable dispatch. Consequently, there are many orders entered in usual course that are not appealable as a matter of right, but only when allowed in the discretion of the appellate court. The determinations of courts of bankruptcy in the matter of exemptions are of this character. The courts have frequently decided that such orders constitute matters arising in "proceedings in bankruptcy," as above defined. Ingram v. Wilson (C. C. A. 8) 125 F. 913; Duffy v. Tegeler (C. C. A. 8) 19 F.(2d) 305; Southern Engine & Pump Co. v. Pagel Elect. & Ice Co. (C. C. A. 5) 16 F.(2d) 268; Quarles v. Dennison, supra; Mason v. Hardy-Griffin-Sheff (C. C. A. 10) 45 F.(2d) 587; Collier on Bankruptcy, 13 Ed. page 842; In re Youngstrom, 153 F. 98 (C. C. A. 8).

Consequently, this appeal could only have been taken under section 47 (b) which required its allowance in the discretion of the appellate court, unless it is one of the instances mentioned in section 48, where the appeal may be allowed by the District Court. The Supreme Court has spoken directly on this subject in Holden v. Stratton, 191 U. S. 115, 24 S. Ct. 45, 48 L. Ed. 116, where it held that the demand of a bankrupt for alleged exempt property does not constitute a "claim" as that term is used in section 48. Therefore the District Court was without authority to allow this appeal.

The appeal should be, and is, dismissed.