## ROYAL INDEMNITY CO. v. AMERICAN BOND & MORTGAGE CO.

### No. 2579.

Circuit Court of Appeals, First Circuit.
June 29, 1931.

Seldon Bacon, of New York City, for appellant.

Robert Hale, of Portland, Me., for appellee bankrupt.

Herbert J. Connell, of Portland, Me., for debenture bondholders.

Before BINGHAM and WILSON, Circuit Judges, and MORTON, District Judge.

WILSON, Circuit Judge.

On May 25, 1931, an involuntary petition in bankruptcy was filed against the American Bond & Mortgage Company, Inc., in the District of Maine, the alleged bankrupt being a Maine corporation. Its principal business, however, appears to have been done in New York and Chicago, where it had offices.

On the same day a petition for the appointment of a receiver under section 2 (3) of the Bankruptcy Act (11 USCA § 11 (3) was filed, and heard by the District Court within a few hours after the filing of the petition in bankruptcy on affidavits filed by the petitioning creditors with the petition, and on unauthenticated letters and telegrams submitted by counsel for alleged bankrupt without objection by counsel for petitioner. The District Court, 50 F.(2d) 441, denied the petition for a receiver, and the petitioning creditor applied to this court for leave to appeal under section 24 (b) of the act (11 USCA § 47 (b).

The order of the District Court denying the petition was in a "proceeding in bankruptcy." In re Breyer Printing Co. (C. C. A.) 216 F. 878. And the allowance of the appeal therefrom is within the discretion of this court. Banco Commercial De Puerto Rico v. Hunter Benn & Co. (C. C. A.) 31 F. (2d) 921, 923; White v. Barnard (C. C. A.) 29 F.(2d) 510; Ahlstrom v. Ferguson (C. C. A.) 29 F.(2d) 515.

The appointment of a receiver to take possession of an alleged bankrupt's property does not follow as of course upon the filing of an involuntary petition. The Bankruptcy Act, section 2 (3), provides for the appointment of a receiver pending adjudication and the appointment of a trustee, but only in case of "absolute necessity."

It is clear from the language of the act that not only is it a matter of discretion with the District Court, but a discretion to be exercised only in extreme cases. As the courts have frequently said, it is a serious matter to take possession of a bankrupt's property before he has been adjudicated a bankrupt, and only should be done when the necessity is clear. In re Hine-Watt Mfg. Co. (C. C. A.) 290 F. 902; In re Oakland Lumber Co. (C. C. A.) 174 F. 634. Consequently the only legal question presented on this application for an appeal is whether the District Court abused its discretion.

The affairs of the alleged bankrupt undoubtedly have become seriously involved, especially during the recent depression, but its affairs are now being conducted by a committee selected by some of its largest creditors and debenture bondholders, to whom its capital stock has been transferred under a voting trust. On the 21st day of May, 1931, a petition in bankruptcy was filed in the Northern District of the State of Illinois, and on the same day an equity receiver was appointed under a creditors' bill. It also appears that an equity receiver has been appointed in the District of Columbia of certain hotel property held in the name of a subsidiary of the alleged bankrupt, of which it holds the capital stock.

Its assets, some of which, it is claimed, are of questionable value and involved in foreclosures and receiverships, consist in the main of stock and bonds, equities in real estate, and an interest in an unpaid award by the city of New York in condemnation proceedings. However, with two petitions in bankruptcy pending, and one or more receivers in equity already appointed and presumably acting under bond, and with a committee in charge of its affairs representing banks which have made loans to the company and holders of certain debenture bonds, while it may be possible that under these conditions the assets of the company may be dissipated, it does not follow that the several persons now in control and in possession of its assets and responsible to the courts, will proceed in violation of their trust and dissipate the assets of this company, especially in view of the fact that its assets are theoretically, at least, already in custodia legis, and those having physical possession are accountable to the courts. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 307, 32 S. Ct. 96, 56 L. Ed. 208; Lazarus v. Prentice, 234 U. S. 263, 266, 34 S. Ct. 851, 58 L. Ed. 1305.

We do not think that there was such an abuse of the judicial discretion so carefully guarded by Congress under section 2 (3) of the Bankruptcy Act as to warrant this court in reversing the order of the District Court refusing to appoint a receiver upon the facts presented to it on the affidavits of the petitioners alone, especially when a committee representing over $4,000,000 of unsecured claims in the form of debenture bonds appeared and protested, and the judge expressly reserved the right to appoint a receiver at any time on "absolute necessity" being shown.

It is unnecessary to discuss the powers of a receiver prior to adjudication since the decision of the Supreme Court in Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, and the amendment of section 2 of the act, chap. 412, 36 Stat. 838 (11 USCA § 11), expressly granting ancillary powers to the several courts of bankruptcy in aid of trustees and receivers in proceedings pending in any other court of bankruptcy, and the decision in Lazarus v. Prentice, supra, 234 U. S. page 267, 34 S. Ct. 851, 58 L. Ed. 1305.

Petition for appeal denied.

MORTON, District Judge, concurs in the result.