**HUNTER v. COMMERCE TRUST CO.**

No. 9248.

Circuit Court of Appeals, Eighth Circuit.
Jan. 12, 1932.

Rehearing Denied Feb. 23, 1932.

H. S. Julian, of Kansas City, Mo., for appellant.

Hugh M. Hiller and William Bush, both of Kansas City, Mo., for appellee.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge.

The estate of the J. R. Allen Mortgage Company, bankrupt, was closed September 3, 1929. On June 2, 1930, the appellant Hunter, a creditor, applied to the court to have the estate reopened, asserting that the bankrupt owned a $13,000 promissory note secured by a trust deed, and that this asset had been fraudulently omitted from its schedules and concealed from its trustee. The court, on June 11, 1930, by ex parte order, reopened the proceeding for the purpose of disposing of the alleged asset, and referred the matter to the referee in bankruptcy for such further proceedings as might be necessary. On June 12, 1930, the Commerce Trust Company, another creditor, moved to vacate the order reopening the proceedings, on the ground that there were no unadministered assets of the estate, and that the note referred to in the petition of Hunter did not belong to the bankrupt. The court referred the motion to the referee as special master to ascertain and report the facts, together with his conclusions and recommendations thereon. The special master, on June 28, 1930, filed his report, which recited that, after hearing the evidence and arguments of the parties, he had determined that the note in question did not belong to the bankrupt, that there were no unadministered assets of the estate, and that the order reopening the estate should be vacated. On July 8, 1930, Mr. Hunter filed objections and exceptions to the report. On July 28, 1930, he filed a motion to strike the motion of the Commerce Trust Company to vacate the order reopening the estate. On November 3, 1930, he filed an additional motion to strike and dismiss the motion of the Commerce Trust Company. The court did not have before it the evidence taken before the special master. On December 30, 1930, the court filed an order confirming the report of the special master unless within ten days the exceptor produced before the court evidence tending to contradict the findings made by the special master. No transcript of the evidence was filed, but on January 8, 1931, Mr. Hunter filed what is called "Answer to Order of Court," which, in effect, describes the evidence which he claims was submitted to the special master to establish the ownership by the bankrupt of the $13,000 note. On January 16, 1931, the Commerce Trust Company moved the court to confirm the report on the ground that Mr. Hunter had failed to furnish any evidence to contradict the findings of fact made by the special master. On January 26, 1931, the court overruled the objections and exceptions of Mr. Hunter to the report of the special master, denied his motions to dismiss the motion of the Commerce Trust Company, and confirmed the report of the special master.

Mr. Hunter then filed his petition for an appeal from the order of January 26, 1931, and the appeal was allowed by the District Court on February 24, 1931.

If the appeal should have been allowed by this court, and not by the trial court, we have no authority to review this case. Schnurr v. Miller (C. C. A. 8th) 49 F.(2d) 109, 110, citing: Gate City Clay Co. v. Dickey (C. C. A. 8th) 39 F.(2d) 581, 582; Stanley's Incorporated Store No. 3 v. Earl (C. C. A. 8th) 25 F.(2d) 458; Raich v. Olson (C. C. A. 8th) 25 F.(2d) 865; Quarles v. Dennison (C. C. A. 10th) 45 F.(2d) 585. As was said in Schnurr v. Miller, supra: "The question suggested is whether the case is a controversy arising in a bankruptcy proceeding and reviewable under the general appellate authority provided in USCA title 11, § 47 (a), as amended May 27, 1926, or whether the case is one arising in a proceeding in bankruptcy and reviewable by an appeal 'allowed in the discretion of the appellate court,' as provided in paragraph (b) of the above statute." In Taylor v. Voss, 271 U. S. 176, 180, 46 S. Ct. 461, 463, 70 L. Ed. 889, the court said: "It is now settled by the decisions of this Court, that the 'controversies arising in bankruptcy proceedings' referred to in section 24a [11 USCA § 47 (a)], include those matters, arising in the course of a bankruptcy proceeding, which are not mere steps in the ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate. Hewit v. Berlin Machine Works, 194 U. S. 296, 300, 24 S. Ct. 690, 48 L. Ed. 986; Coder v. Arts, 213 U. S. 223, 234, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Tefft & Co. v. Munsuri, 222 U. S. 114, 118, 32 S. Ct. 67, 56 L. Ed. 118; Swift & Co. v. Hoover, 242 U. S. 107, 109, 37 S. Ct. 56, 61 L. Ed. 175. In such 'controversies' the decrees of the court of bankruptcy may be reviewed by appeals which bring up the whole matter and open both the facts and the law for consideration. Duryea Power Co. v. Sternbergh, 218 U. S. 299, 302, 31 S. Ct. 25, 54 L. Ed. 1047; Houghton v. Burden, 228 U. S. 161, 165, 33 S. Ct. 491, 57 L. Ed. 780. On the other hand, the 'proceedings' in bankruptcy referred to in section 24b [11 USCA § 47 (b)] are those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate. Matter of Loving, 224 U. S. 183, 189, 32 S. Ct. 446, 56 L. Ed. 725. In such administrative matters—as to which the courts of bankruptcy proceed in a summary way in the final settlement and distribution of the estate, U. S. Fidelity Co. v. Bray, 225 U. S. 205, 218, 32 S. Ct. 620, 56 L. Ed. 1055—their orders and decrees may be reviewed by petitions for revision which bring up questions of law only. Duryea Power Co. v. Sternbergh, supra, 302 of 218 U. S., 31 S. Ct. 25, 54 L. Ed. 1047. It thus appears that the essential distinction between the different methods provided for reviewing the orders and decrees of the courts of bankruptcy is, that 'controversies' in bankruptcy proceedings, arising between the trustee representing the bankrupt and his creditors, on the one side, and adverse claimants on the other, affecting the extent of the estate to be distributed, may be reviewed both as to fact and law; while 'proceedings' in bankruptcy affecting merely the administration and distribution of the estate, may be reviewed in matter of law only, except as to the three classes of such 'proceedings' enumerated in section 25a [11 USCA § 48 (a)], as to which a short right of appeal is given, both as to fact and law."

The power to reopen an estate which has been closed is granted by section 2 of the Bankruptcy Act (title 11 U. S. C. § 11 [11 USCA § 11]). The court proceeds in a summary way. In re Newton (C. C. A.) 107 F. 429; In re Graff (C. C. A.) 250 F. 997. The question as to whether the estate shall be reopened concerns merely the bankrupt and his creditors. Adverse claimants to the bankrupt's property have no direct interest in that question. In re Graff, supra. That the property which was claimed to have been omitted from the schedules and concealed from the trustee might be in the hands of an adverse claimant, would not make the question of the further administration of the estate a controversy arising in bankruptcy proceedings. If the estate was reopened and thereafter the trustee engaged in a controversy as to the title or possession of the alleged unadministered property with some person claiming adversely, that would be such a controversy. The questions sought to be presented here arise out of a "proceeding in bankruptcy." In re Leigh (C. C. A.) 272 F. 678: In re Graff, supra. Since the appeal was not allowed by this court, there is nothing before us to review.

However, we have examined the record and the contentions of the appellant and are of the opinion that, if the appeal had been properly taken, this court would be obliged to

sustain the lower court upon the record before us. The presumption is that the findings of the special master were justified by the evidence. We would be required to accept the facts as found by him and approved by the court. In re O'Connell (C. C. A.) 137 F. 838, 840. If the findings were not sustained by the evidence, the contrary could only be made to appear by including the evidence in the record. Assuming, but not deciding, that the special master, at his own cost, was required to return the evidence to the court with his report, the remedy of the appellant for his failure in that regard was not by appeal, but by application to the District Court to require the special master to perform that duty, and, failing there, then by like application to this court. First National Bank v. Abbott (C. C. A. 8th) 165 F. 852, 856.

▮▮▮▮ The petition for reopening the estate was directed to the sound discretion of the trial court. In re Leigh, supra. The only justification for the order reopening the estate was the claimed existence of unadministered property. Other creditors were necessarily affected by the order. Hence any creditor would have the right to direct attention to the claimed nonexistence of unadministered assets, and thereby enable the court to investigate and ascertain whether any basis for its order existed. If the order should never have been entered, there could be no error in vacating it.

The appeal is dismissed.