## In re PERLMAN.

## PERLMAN v. BURDICK.

### No. 5049.

Circuit Court of Appeals, Seventh Circuit. Jan. 13, 1934.

David Rabinovitz, of Sheboygan, Wis., and Emil Hersh and Herbert Morse, both of Milwaukee, Wis., for appellant.

Theo. Benfey, of Sheboygan, Wis., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

Appellant who was adjudged a bankrupt has appealed from a decree of the District Court affirming an order of the referee in bankruptcy denying his claim for homestead exemption on the ground of fraud involved in the conversion of certain mercantile stocks into exempt property. These stocks had been purchased by the bankrupt on credit, and the proceeds of their sale subsequently utilized in the improvement of the property claimed as homestead. Appellant has assigned the denial of the exemption as error without, however, specifying wherein the error lay. Appellee asserts that the disallowance of the exemption claim is appealable only upon a question of law, and that this court has no jurisdiction to inquire into the facts upon which the charge of fraud was based, although he also asserts that there was substantial evidence upon which to base the finding of fraud. The appeal was allowed by the District Court. No application was made to this court for an appeal.

Although appellee did not raise the question as to the improper method of taking the appeal, it is the duty of this court to inquire sua sponte as to its jurisdiction. Mansfield, C. & L. Railway Co. v. Swan, 111 U. S. 379, 4 S. Ct. 510, 28 L. Ed. 462; Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 31

S. Ct. 460, 55 L. Ed. 521. The matter herein involved was clearly a "proceeding in bankruptcy," the manner of revision of which is governed by section 24b of the Bankruptcy Act as amended, 11 USCA § 47 (b). Broders v. Lage (C. C. A.) 25 F.(2d) 288; Schnurr v. Miller (C. C. A.) 49 F.(2d) 109. See also Holden v. Stratton, 191 U. S. 115, 24 S. Ct. 45, 48 L. Ed. 116. The amendment of section 24b, May 27, 1926, changed the mode of appeal in such proceedings from a petition to revise, to the "form and manner of an appeal" which differs from the regular appeal, however, in that it is to be allowed in the discretion of the appellate court rather than as a matter of right. It follows that the right to prosecute the appeal depends upon the order of the appellate court allowing the appeal, and under section 24c, as amended May 27, 1926, no such order can be had unless application has been duly made to the appellate court within thirty days following the entry of the order complained of.

In the case at bar, no application was made to this court for an appeal. Since none was allowed by it, this court has no authority to consider the merits of the appellant's claim. Deeley v. Cincinnati Art Pub. Co. (C. C. A.) 23 F.(2d) 920; Schnurr v. Miller, supra; Quarles v. Dennison (C. C. A.) 45 F.(2d) 585.

The appeal must be, and it is hereby dismissed for lack of jurisdiction.