204

In re JOHANSON et al.

O'CONNELL v. JOHANSON et al.

Nos. 5362, 5363.

Circuit Court of Appeals, Seventh Circuit.

April 27, 1935.

Frank A. McCarthy, John E. Toomey, and James C. O'Brien, Jr., all of Chicago, Ill., for appellant.

Walter E. Wiles, George E. Q. Johnson, Luther D. Swanstrom, and Samuel G. Clawson, all of Chicago, Ill., for appellees.

Before SPARKS, ALSCHULER, and FITZHENRY, Circuit Judges.

SPARKS, Circuit Judge.

These appeals seek to review two orders of the District Court, sitting as a court of bankruptcy. The first order confirmed an order of a referee in bankruptcy denying appellant's motion for permission to file his petition to vacate an order confirming a composition agreement under section 74 of the Bankruptcy Act, as amended (11 USCA § 202). The second order overruled appellant's exceptions to the master's report and denied his motion to dismiss the petition of Simon Johanson, individually and as trustee, for want of jurisdiction.

We are first confronted with appellees' motion to dismiss the appeals for lack of this court's jurisdiction. The pertinent facts with relation to this motion are as follows: On August 18, 1933, Simon Johanson, as an individual, and as trustee under a trust deed of record, filed a petition in the District Court praying relief under section 74 of the Bankruptcy Act. Ada S. Johanson filed a similar petition on October 11, 1933. These petitions were approved by the court as properly filed and in good faith, on the respective dates of August 31, 1933, and October 11, 1933, and were consolidated on October 13, 1933. On January 6, 1934, an order was entered by the referee in bankruptcy, after notice to all creditors, confirming the petitioner's proposal for extension and composition. On January 20, 1934, appellant, as a minority creditor, moved the referee in bankruptcy for leave to file a petition to vacate the order of confirmation. It was denied on February 10, 1934. He then filed with the court his petition to review that ruling of the referee, which was denied, and the order was confirmed by the court on July 3, 1934.

On February 20, 1934, appellant, as a minority creditor, petitioned the District Court for leave to file a petition to vacate the order of August 31, 1933, approving the petition of Simon Johanson, and to dismiss the original petitions of both appellees. That leave was granted to appellant, subject to appellees' objections. On July 3, 1934, the District Court entered orders confirming the referee's order of February 10, 1934, and dismissing appellant's petition filed on February 20, 1934. From the orders of July 3, 1934, appellant, on July 26, 1934, petitioned the District Court for an appeal to this court, tendering his assignment of errors, and leave to appeal was granted by the District Court. The cause was thereupon docketed in this court. Subse-

quently, appellees filed their motion to dismiss the appeals on the grounds that they were appeals from proceedings in bankruptcy and were taken neither by permission of this court, under section 24b of the Bankruptcy Act as amended in 1926, 11 USCA § 47 (b), nor within thirty days from the order as provided in section 24c of that Act, 11 USCA § 47 (c). Appellees' motion to dismiss was then overruled without prejudice to present it again at the hearing on the merits.

Appellant concedes that the appeals were taken under section 24a, 11 USCA § 47 (a), which relates to controversies arising in bankruptcy, although the orders appealed from related to proceedings in bankruptcy, rather than controversies arising in bankruptcy. He, however, asks us to consider the appeals as though they had been properly filed under section 24b. This we have no power to do. Humber v. Bankers' Trust Company (C. C. A.) 70 F.(2d) 265; Perlman v. Burdick (C. C. A.) 68 F.(2d) 729; In re Hawkins Mortgage Company (C. C. A.) 66 F.(2d) 16; In re Interstate Oil Corporation (C. C. A.) 63 F.(2d) 674; Handlan v. Bennett (C. C. A.) 51 F.(2d) 21; Royal Indemnity Company v. American Bond & Mortgage Co. (C. C. A.) 51 F.(2d) 60; In re Torgovnick (C. C. A.) 49 F.(2d) 211; Quarles v. Dennison (C. C. A.) 45 F.(2d) 585; Clements v. Conyers (C. C. A.) 31 F.(2d) 563; Banco Comercial De Puerto Rico v. Hunter Benn & Co. (C. C. A.) 31 F.(2d) 921; Shoreland Company v. Conklin, (C. C. A.) 30 F.(2d) 489; White v. Barnard (C. C. A.) 29 F.(2d) 510; Stanley's, Inc. Store No. 3 v. Earl (C. C. A.) 25 F.(2d) 458.

Appellant urges that this court is permitted to exercise discretion in the determination of this question under the ruling in Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889. The court there held that although a petition for revision can not be treated as an appeal for the purpose of enlarging the scope of the review so as to extend to questions of fact, where a matter which is only reviewable in law is taken up by an appeal, the Circuit Court of Appeals, if the question of law is sufficiently presented on the record, may treat the appeal as a petition for revision and dispose of it accordingly. There the appeal was timely filed, and the question here was not involved.

The motion to dismiss the appeals is sustained and the costs are respectively adjudged against the appellant.